## THE ROSA.

### In re NEW YORK HARBOR TOWBOAT CO.

(District Court, S. D. New York. November 30, 1892.)

SHIPPING—LIMITATION OF LIABILITY—SINGLE CLAIM — COMMON-LAW ACTION—
WHEN NOT STAYED.

Where there is but a single damage claim, full relief, under Rev. St. § 4283, can be had by answer in a common-law suit. Hence a petition in an admiralty court to limit liability and to restrain the prosecution of a pending common-law action must show the existence, or probability of existence, of more than one damage claimant, and the need of an apportionment, in order to make such a special proceeding either necessary or appropriate, under Rev. St. §§ 4284, 4285; or else it must show such a special case as does not admit of the full statutory remedy upon a single claim in a common-law suit. Failing such averments, this court must observe Rev. St. § 563, which saves to the suitor his common-law remedy, and refuse to entertain the proceeding or to enjoin the common-law action in the state court on a single claim, though such claim may exceed the value of the vessel.

In Admiralty. On exceptions to petition in limitation of liability.

Wilcox, Adams & Green, for petitioners.
Henry Cleveland Pratt and Edwin G. Davis, opposed.

BROWN, District Judge. The questions presented arise upon exceptions to a libel and petition of the New York Harbor Towboat Company for a limitation of liability upon the alleged claim of Eliza Burns, administratrix. She had brought suit in one of the state courts, on the 26th of October last, to recover $5,000 damages against the above-named company, for its alleged negligence in the navigation of the passenger boat Rosa, thereby causing the death of her husband, on the 29th of September, 1892. The charge of negligence was that the Rosa, upon returning to New York from an excursion on the 27th of September, was carelessly and negligently moored alongside a canal boat, and that her passengers were compelled to effect a landing upon and over the canal boat; and that the deceased, without fault, carelessness or negligence on his part, in disembarking from the Rosa, was precipitated down an open hatchway in said canal boat, and sustained injuries from which he died two days after.

The petition to limit liability states the above charges of negligence against the petitioners, as owners of the Rosa; that the negligence, if any, was without any fault, privity or knowledge of the petitioners, and alleges that the accident arose solely through the fault and negligence of the deceased; that the claim, if established, would greatly exceed the value of the Rosa; that no freight was then pending; and that the petitioners claim the benefit of sections 4283 to 4285 of the United States Revised Statutes, and pray that an appraisement of the vessel may be had, a stipulation given therefor, or the money paid into court; that the further prosecution of the suit in the state court be restrained, and a monition issued in due form against the administratrix, and all other persons having or pretending to have any claim against the steamboat or her owners, etc.

Upon application to the court for an appraisement, for the purpose of giving a stipulation, and upon notice, according to the practice of this court, given to the proctors for the damage claimant named in the petition, the latter filed a special and limited appearance for the purpose of filing exceptions to the sufficiency of the libel and petition; in that "it appears on the face thereof that only one claim against the petitioner arose out of the matters set forth in the libel, and because the rights of the parties can be properly adjudicated in the suit brought by said administratrix in the state court."

The exceptions must, I think, be sustained. There is no averment in the petition that any other claim exists, or is likely to arise against the Rosa or her owners, out of the trip referred to. There is no intimation, nor any suggestion, that any additional claim is probable. The nature of the accident, also, namely, the falling down of the passenger in the open hatch of the canal boat, was not such an accident as to affect any other person, or such as is liable to involve any other person unknown. Had any similar injury happened to any of the other passengers, there is no probability that knowledge of it would not have come to the owners, as well as to other persons; and none such is suggested.

The case, therefore, presents the question in its simplest form whether, under the act of 1851, limiting liability, and under the sections of the United States Revised Statutes above stated, this court ought to entertain a petition like this and restrain the prosecution of

a common-law suit for the recovery of damages in the state court, when there is no averment of the existence of more than a single claim, or of any probability of any other.

By section 9 of the judiciary act of 1789, as well as by subdivision 8 of section 563 of the United States Revised Statutes, the admiralty and maritime jurisdiction conferred upon the district courts expressly "saves to suitors in all cases the right of a common-law remedy, where the common law is competent to give it." This provision must be observed in good faith. It seems to me manifestly to forbid any interference by this court with a suit in the state court, when the whole subject-matter and all the rights of both parties, upon the case as stated by the petition, can be perfectly adjudicated and preserved in the ordinary course of a common-law suit. Steamboat Co. v. Chase, 16 Wall. 522, 533. The limitation of responsibility provided by law can be as fully and as readily secured in a common-law suit, as in this court, where there is but a single claim against the vessel, or her owners. All that is needed in either court, is an *answer* setting up the limitation of liability under section 4283 of the United States Revised Statutes, with a statement of the value of the owners' interest in the vessel and her freight pending. The question of value will then become one of the issues in the cause; but the determination of such value is as appropriate and easy in the common-law suit as is the determination of ordinary questions of value in the usual course of common-law proceedings. To justify interference with the suitor's common-law remedy, therefore, the petition must show some needed relief against more than a single claim.

Where there are several damage claimants, or the circumstances are such that there are likely to be others at the time unknown, and where the damages are unliquidated and may exceed the value of the vessel, so that a case is presented for the ascertainment of the amount of various claims of different creditors, in order to make a pro rata distribution among them, the common-law remedies are inappropriate and inadequate. A special proceeding is necessary for the full protection of the shipowner in such cases; and such are the cases contemplated by sections 4284 and 4285 of the Revised Statutes. The very language of these sections shows that they contemplate, and are meant to provide for, cases where there is more than one damage claimant. Section 4284 reads thus:

"Whenever any such embezzlement, loss, or destruction is suffered by several freighters or owners of goods, etc., and the whole value of the vessel, and her freight for the voyage, is not sufficient to make compensation to each of them, they shall receive compensation from the owner of the vessel in proportion to their respective losses; and for that purpose the owner of the vessel may take the appropriate proceedings for apportionment," etc.

Section 4285 provides that "it shall be a sufficient compliance on the part of the owner with the requirements" of this statute, etc., "if he shall transfer his interest in the vessel and freight for the benefit of such claimants to a trustee," etc. The cases contemplated by these two sections are evidently those in which there is need of an apportionment, and therefore of the special proceedings in this court. This appears still more clearly by reference to section 4 of the act of 1851, (9 St. at Large, p. 636.)

While the first part of rule 54 of the supreme court in admiralty (11 Sup. Ct. Rep. iv.) may not in its literal terms exclude the case of a single claim like the present, the fact that it contemplates the existence of various damage claimants is evident from those provisions of the latter part of the rule which direct the issuing of a monition against all persons claiming damages, citing them to appear, etc. All this is inappropriate, unnecessary, and burdensome in the case of only a single damage claim.

In the case of The Scotland, 105 U. S. 24, moreover, Mr. Justice Bradley says, (page 33:)

"Some form of proceeding was necessary to enable shipowners to bring into concourse the various parties claiming damages against them for injuries sustained by mishaps to the ship or cargo, where they were entitled, or conceived themselves entitled, to the law of limited responsibility, and where they were subjected or liable to actions for damages at the suit of the parties thus injured. The rules referred to were adopted for the purpose of formulating a proceeding that would give full protection to the shipowners in such a case. They were not intended to prevent them from availing themselves of any other remedy or process which the law itself might entitle them to adopt. They were not intended to prevent a defense by way of answer to a libel, or plea to an action, if the shipowners should deem such a mode of plead ng adequate to their protection. It is obvious that in a case like the present, where all the parties injured are represented as libelants or interveners in the cause, an answer setting up the defense of limited responsibility is fully adequate to give the shipowners all the protection which they need."

It thus appears not only from the face of the statutes themselves, but from the nature of the case, the declarations and the rules of the supreme court, that the special proceeding in this court was not designed for a single claim only; but that in such a case all needed protection can be afforded by way of answer in the common-law suit; and that there is no need, therefore, to resort to an independent special proceeding in this court. The defense by answer is one of the four methods by which the statute can be availed of, as pointed out in the case of The Scotland, supra; and in that case the relief was given in that way. See, also, The Alva, 52 Fed. Rep. 598.

In all the cases in the supreme court cited for the petitioners, in which the subject has been referred to, the existence of various claims is presupposed. I have not been referred to any case, nor do I find any, in which such a proceeding has been entertained upon a single claim where exception thereto was duly taken. The cases presented arise usually out of collision, or fire or stranding, or other causes, which from their circumstances are likely to have been attended with damage to several or numerous persons, who may be more or less unknown. In the case of The Garden City, which has been cited, (26 Fed. Rep. 766,) there had been two suits commenced. There were other losses and damages, and the amounts unknown. In that case, however, it was said, (page 772:)

"Doubtless a single claim less than the value of the vessel would be insufficient to sustain the proceeding. For in that case no purpose would be subserved by the special proceeding that would not be equally available by way of defense in an ordinary suit; and it is not to be presumed that congress intended in such a case to take away trial by jury." Providence & N. Y. Steamship Co. v. Hill Manuf'g Co., 109 U. S. 578, 594, 595, 3 Sup. Ct. Rep. 379, 617.

· I do not say that this court has not jurisdiction in a proceeding upon a single claim. Circumstances might possibly arise in which no proper opportunity existed for the shipowner to avail himself of the statutory defense in a common-law suit upon a single claim. But where, as in the present case, there is full opportunity for such a defense in the common-law suit, and all the protection that is needed to the defendant, so far as the petition suggests, can be afforded in that suit, this court, I am satisfied, ought not to entertain the petition. Any such interference in a case not clearly provided for by statute, is contrary to the express statutory provision which "saves to the suitor his common-law remedy, when the common law is competent to give it." The special proceeding authorized by sections 4284 and 4285 is not to be extended by construction to cases which are not within the letter or the objects of those sections; or where there is no need of the special remedy. The petition must show the existence, or the probability of the existence, of several claimants, in order to make the special proceeding for an apportionment either appropriate or necessary under sections 4284 and 4285; or else it must show such a special case as does not admit of the full statutory remedy upon a single claim in the common-law suit. As the petition in the present case does neither, I must sustain the exception, and decline to entertain the proceeding.