THE DEFENDER.

(District Court, E. D. New York. December 4, 1912.)

SHIPPING (§ 209*)—LIMITATION OF LIABILITY—RIGHT TO REMEDY.

The right of a vessel owner to maintain a suit for limitation of liability is not defeated by the fact that the only claims on which suit has been brought do not amount to the admitted value of the vessel, where there is a probability that there may be others.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 646–662; Dec. Dig. § 209.*

Limitation of owner's liability, see note to The Longfellow, 45 C. C. A. 387.]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Admiralty. Proceeding by the Lake Champlain Transportation Company, owner of the steam tug Defender, for limitation of liability. On motion to vacate injunction. Denied.

William J. Cleary, of New York City, for petitioner.

Nelson L. Keach, of New York City, for claimants.

CHATFIELD, District Judge. The petitioner is attempting to take advantage of sections 4283, 4284, and 4285, R. S., as amended by Act March 3, 1851, c. 43, 9 Stat. 635 (U. S. Comp. St. 1901, pp. 2943, 2944), and Act June 26, 1884, c. 121, § 18, 23 Stat. 57 (U. S. Comp. St. 1901, p. 2945), by limiting its personal liability for maritime causes of action up to the 1st of July, 1910, to the value of its interest in the tug Defender, against which actions in rem might be brought, for a maritime accident upon that day.

It appears from the papers that on this day the Defender was towing a flotilla of 15 canal boats from Lake Champlain through the Richelieu river, and that some injury resulted to at least 2 boats of this flotilla, while passing through a bridge. An action was brought by two separate individuals in the Municipal Court of the City of New York, in Brooklyn (claiming $500 damage each), upon the 24th day of June, 1912.

The petitioner has furnished security as claimant of the Defender to the amount of $2,000, has stated that the value of the petitioner's interest in the boat is not more than $4,000, and has offered, after appraisal, to give security equal to the value which is fixed as its interest in the boat. The plaintiffs in the actions in the Municipal Court of Brooklyn, having been served with the order in the limitation proceedings, have applied to this court for a modification of the injunction, so as to allow these plaintiffs to proceed with this action, or, in the alternative, that the entire limitation proceedings be dismissed.

The issue can be briefly stated. It is claimed that the greatest possible recovery against the admitted value of the boat, in both of the threatened actions, could not exceed $1,000, and that therefore the petitioner will obtain no benefit by having the boat released from the possibility of execution, nor by having its own personal liability transferred to the interest in the boat.

The attention of the court has been called by both parties to the case of The Hoffmans (D. C.) 171 Fed. 455, 462, in which a single claim, where there was possibility of further claims, and where the total amount of liability might exceed the value of the vessel, was held to bring the case within the statute.

In The S. A. McCaulley (D. C.) 99 Fed. 302, and in The Garden City (D. C.) 26 Fed. 766, it was held that proceedings to limit liability could be taken at any time, and that the owner of a vessel need not wait until claims in excess of the value of a vessel were filed, nor make sure that the amount of the actual damages would exceed the value of the vessel.

Examination of the statute and consideration of the reason therefor makes it plain that the right to limit liability should not depend

upon the number of claims involved, nor can that right be refused if the claims in suit be less than the admitted value of the boat, provided there is any probability that there may be other claims from which the right to invoke the federal jurisdiction might be maintained. The Rosa (D. C.) 53 Fed. 134.

The proceeding is intended for the purpose of *limiting* liability, and this presupposes that the liability to be limited might exceed the limit; that is, that there might be personal liability beyond that of the res involved. If the statute of limitations had run against all possible claims from any cause, the situation on this present application might show plainly that there was no reason for the exercise of jurisdiction by this court. But where an accident, which by its nature, if caused by negligence, affected a flotilla of 15 boats, it would seem that the federal court should exercise its jurisdiction, in order that, if other suits should be brought and the liability amount to more than the value of the boat, the proceeding would not be too late to protect the owner.

Convenience in taking testimony and the general advantages offered by proceeding with a case arising from an alleged maritime tort in the admiralty court are added reasons for a refusal by this court to modify the injunction so as to allow the causes to be tried separately in the Municipal Court.

Motion to vacate injunction denied.