### THE GEORGE W. FIELDS.

#### (District Court, S. D. New York. April 12, 1915.)

1. SHIPPING ⚖209(1)—LIMITATION OF LIABILITY—RIGHT TO REMEDY.
   The rule that proceedings for limitation of liability cannot be maintained, where the claims are less than the value of the vessel, must be limited to cases where the aggregate of the claims appears beyond question from the petition or otherwise.
   [Ed. Note.—For other cases, see Shipping, Cent. Dig. § 652; Dec. Dig. ⚖209(1).]

2. SHIPPING ⚖207—LIMITATION OF LIABILITY—RIGHT TO REMEDY.
   An owner may limit his liability for any act of the master or crew.
   [Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 555, 643, 644; Dec. Dig. ⚖207.]

In Admiralty. In the matter of the petition of the Cornell Steamboat Company, owner of the steam tug George W. Fields, for limitation of liability. On motion to dismiss. Denied.

J. Parker Kirlin, of New York City, for petitioner.
Mark Ash, of New York City, for claimant.

LEARNED HAND, District Judge. [1] It is now settled that a single claim will support a limitation proceeding. White v. Island Transportation Co., 233 U. S. 346, 34 Sup. Ct. 589, 58 L. Ed. 993. But it has been decided in the Ninth circuit that this single claim must be greater than the value of the vessel. Shipowners' & Merchants' Transportation Tugboat Co. v. Hammond Lumber Co., 218 Fed. 161, 134 C. C. A. 575. The last seems also to have been Judge Brown's opinion. The Garden City, 26 Fed. 766, 772. But in the same case Judge Brown held a petition valid, though the claims actually brought were a very small part of the value of the vessel, because he could not say that there might not be other claims which he would not ask the petitioner to wait for. He held it was not necessary to aver or prove that the aggregate of the claims was more than the value. Judge Chatfield made the same ruling in The Defender (D. C.) 201 Fed. 189. Perhaps it is true that, if there be a single claim, less than the value, the proceeding is unnecessary, and the reasoning applies equally well, if the aggregate of several claims, definitely known, be less than the value. The practical difficulty lies in knowing whether the claims actually filed are the only ones, and, if there are others, how many they are and how large. If the petition were to allege that the aggregate of all possible claims was less than the value, if the statute of limitations had run upon all claims, as suggested by Judge Chatfield in The Defender (D. C.) 201 Fed. 189, if the nature of the accident were such as could result by no chance in more than one claim (Shipowners', etc., Co. v. Hammond Lumber Co., 218 Fed. 161, 134 C. C. A. 575), then the petition might be open to exception, but here there is nothing of that sort.

The petitioner alleges that he has heard of other claims from the crew for personal injury and loss of effects, though none have been made. It does not appear how many men were on the boat, or whether they suffered any personal injury; the statute of limitations has not run, and it is not yet fanciful that they might sue. I think it clear that the petitioner should not be required at his peril to aver and prove that there are claims for more than the value of the vessel, for, if he fails, he loses his limitation, without any assurance that there may not be others which he may not know. If the rule has any application, it must be limited to cases where the aggregate of the claims appears beyond any question, either from the petition or elsewhere. If the affidavit may be considered on this application, it is far from making the necessary proof.

[2] The second point is that the injury was not caused by the tug, but by the default of the petitioner under its contract. In Richardson v. Harmon, 222 U. S. 96, 32 Sup. Ct. 27, 56 L. Ed. 110, it was held that the owner might limit for any act of the master and the crew. It appears from the petition that the Fields was the only tug in the vicinity, and the fault, if any, must necessarily have been either in leaving the Bourne No. 6 at the beginning, or in failing to go to her during the storm. Either was a fault of her master or crew, and is within the statute.

Laches seems to be no defense to the proceeding. The motion to dismiss is denied.