## THE TUG NO. 16.

(District Court, S. D. of New York. November 14, 1916.)

SHIPPING ☞209(3)—LIMITATION OF LIABILITY—RIGHT OF REMEDY.

A shipowner is prima facie entitled to a limitation of liability, and the limitation will be denied him, if at all, only when respondent can show that it can have no possible value to him, which must be shown by allegation and proof, and cannot be done by affidavit.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. § 652; Dec. Dig. ☞209(3).]

In Admiralty. In the matter of the petition of the Standard Transportation Company, owner of steam tug No. 16, for limitation of liability. On motion to vacate injunction. Denied.

This arises on a petition to limit the liability of a shipowner for a collision at a pier near Fifty-Sixth street, Brooklyn, N. Y. The petition alleges that its tug was moving out one of its barges from a slip. It then proceeds to allege: "After getting the tow under way, the tug was stopped so that the barge might come out at slow speed under its own stern way. When the barge, still moving slowly, was half way out of the slip, she rubbed slightly alongside the pile driver. At this time the men on the pile driver were observing the movements of the tug and tow. No damage was sustained by either the barge or the pile driver, but it is contended that one Mikal Olson received some injuries to his left foot." It then alleges that Olson has brought an action for $25,000 damages in the state court, and that "other suits may be begun for damage or loss resulting from said contract" and that the value of the tug is $40,000.

Olson moves to vacate the usual injunction against other suits, and files an affidavit alleging that: "In taking the vessel from said slip, said tugboat caused and allowed said vessel to come with considerable force against a certain pile driver which was lying adjacent to the pier at which the plaintiff was working, and caused the said pile driver to crowd against the piling, catching the plaintiff's foot, and causing the damage complained of. The only persons working at or about the scene of the accident at the time were Adolph Larsen, Samuel Gunderson, August Johnson, and Ben Madison. That none of said persons received any injuries at the time aforesaid, or at any other time, by reason of said collision. No damage was done to the pile driver nor to the pier." No counter affidavit is filed.

William F. Purdy, of New York City, for the motion.

B. W. Wells, of New York City, opposed.

LEARNED HAND, District Judge (after stating the facts as above). Judge Brown held in The Garden City (D. C.) 26 Fed. 766, 770, that it was not jurisdictional to allege and prove that there were other claims, when the value of the vessel was greater than the claim actually made, yet it is perfectly clear (page 772) that he did not consider the question irrelevant whether or not such claims were possible. His language in Briggs v. Day (D. C.) 21 Fed. 727, 731, shows the same opinion. Similarly Judge Adams, in The Hoffmans (D. C.) 171 Fed. 455, 462, assumed that, if there were not even "the merest possibility" of future claims, the petition might not lie. The same idea is shown in The George W. Fields (D. C.) 237 Fed. 403, filed April 12, 1915, and in The Defender (D. C.) 201 Fed. 189. If that "merest possibility" do not exist, the petition has been held bad. Shipowners', etc., Co. v.

Hammond Lumber Co., 218 Fed. 161, 134 C. C. A: 575. The theory in such case may be that the statute is only to protect shipowners from liability, not arbitrarily to give them a peculiar forum, especially since an admiralty court sits with a jury in certain jurisdictions.

It has now been finally decided that a single claim is enough to sustain the petition (White v. Island Trans. Co., 233 U. S. 346, 34 Sup. Ct. 589, 58 L. Ed. 993), contrary to the early impression in this district (the Rosa [D. C.] 53 Fed. 134), and it may be urged that, since the limitation could be effectively enforced by a state court, where there was only a single claim, that case should be taken as holding that the petition lies, even when the single claim is less than the value of the vessel. Yet in White v. Island Transportation Co., supra, the claim was larger than the value, and all that the case necessarily decides is that the shipowner in that event has his option of forums; it need not be taken to decide that, where there is no need of any limitation at all, he may enjoin the usual common-law remedies, which are, indeed, preserved by the statute.

If so, the shipowner ought not to be allowed to avail himself of a merely colorable possibility, to say nothing of a manifest impossibility, such as existed in Shipowners', etc., Co. v. Hammond Lumber Co., supra. Although the allegation of this petition—i. e., that there "may be" other claims—be not necessary, yet an allegation in the answer might be a defense that there was no possibility of any such. I do not mean to decide that question here, because it is not necessary. I only mean to say that, if it be a good defense, at least the respondent must undertake the burden of establishing it, and that he may not do so by affidavit, but must do so by trial. White v. Island Trans. Co., supra, 233 U. S. 350, 34 Sup. Ct. 589, 58 L. Ed. 993. In short, a shipowner as such is prima facie entitled to the privilege, and the limitation will be denied him, if at all, only when the respondent can show that it can have no possible value to him. Consequently a mere affidavit like this does not require any answer; if it did, the shipowner must look about and learn the facts at his peril. The best that the respondent can do is by traverse to the petition or by defense in his answer to prove that there is no such possible danger.

This application is therefore denied, but the cause may have a preference, if the respondent wishes it.