## THE VICTORIA.

### Petition of ALASKA S. S. CO.

(District Court, W. D. Washington, N. D. December 23, 1924.)

No. 8855.

1. **Shipping** ⬅⟶209(2)—**Dismissal of petition for limitation of liability refused on the ground of probability of claims in excess of value of vessel and pending freight.**

Dismissal of petition for limitation of liability will be refused on the ground of probability of claims in excess of value of vessel and pending freight, though the claims for bad condition in steerage common to all, filed by about one quarter of the steerage passengers, is much less, and the time for filing claims, as fixed by order of the court in the limitation proceeding, has expired, as such order will have no force if such proceeding be dismissed.

2. **Shipping** ⬅⟶209(1)—**Duty of federal court to adjudicate rights and restrain litigation claims in state court, where shipowner entitled to limitation of liability.**

It is the duty of the federal court to adjudicate the rights between the parties and restrain litigation of the claims in the state court, where shipowner has right to a limitation of liability.

In Admiralty. In the matter of the petition of the Alaska Steamship Company, owner of the steamship Victoria, an American vessel, for limitation of liability. On motion to dismiss petition and dissolve restraining order. Denied.

The claimants move to dismiss petition herein and dissolve the restraining order for the reason that the appraised value of the steamship, together with her freight pending at the termination of the voyage, exceeded the amount of the damages sustained or claims filed, and that there is no occasion for a limitation proceeding and depriving claimants of a trial by jury in assessing the damages. The appraisers herein fixed the value of the vessel at the termination of the voyage at the sum of $50,000 and the gross freight pending $29,821.60. The petition for limitation of liability alleges that steerage passengers were taken on board as follows: At Nome, 56; Akutan, 1; False Pass, 64; Seward, 2; Latouche, 32; Drier Bay, 35; total, 190. It is then stated that, after the arrival of the ship at the port of Seattle, 30 of the steerage passengers began separate suits in the state court, each for $1,000, because of the petitioner's negligence in providing improper sleeping places, food, ventilation, uncomfortable and filthy quarters, and because of "thirst, starvation, privation, pain of body and anguish of mind." Claims have been filed in this limitation proceeding by 43 claimants, amounting to $45,000. It is contended by the claimants that the petition should be dismissed because the value of the ship and pending freight is much greater than the amount of the claims filed; that the time within which to file claims has been limited by this court, which limitation has expired; and that in any event the restraining order should be dissolved and the claimants permitted to pursue the remedy invoked in the state court and have the damage assessed by a jury.

Bogle & Bogle, of Seattle, Wash., for petitioner.

William Martin, of Seattle, Wash., for claimants and respondents.

NETERER, District Judge (after stating the facts as above). [1, 2] The motion must be denied. From the statements in the several claims filed it is clear that the condition that obtained in the steerage was common, and, if these claimants are entitled to recover, other passengers may have equal right, and the court cannot say that, if 43 claimants are entitled to $45,000, exclusive of costs, the remaining 145 would not be entitled to more than the difference be-

tween $45,000 and $79,821.60, the value of the ship and freight pending.

If the petitioner has a right to limit liability, it is the duty of this court to adjudicate the rights between the parties and not shirk responsibility by permitting claims for damages to be litigated in the state court. In Re East River Towing Co., the Supreme Court, on December 8, 1924, said:

"The choice of a jury trial is given when things take their ordinary course, not to break in upon the settled mode of adjustment when the ship is given up."

The Dauntless (D. C.) 212 F. 455, affirmed in Shipowners' & Merchants' Tugboat Co. v. Hammond Lumber Co., 218 F. 161, 134 C. C. A. 575, certiorari denied 238 U. S. 633, 35 S. Ct. 938, 59 L. Ed. 1498, has no application. The liability there was for a single claim, and the value of the ship largely exceeded the amount thereof. In the Rosa (D. C.) 53 F. 132, it was held a petition in an admiralty court to limit liability and to restrain the prosecution of a pending action must show the existence or probability of existence of other claims and need of an apportionment.

The order of this court fixing or limiting the time within which claims may be filed is not a bar to the prosecution of an action within the period limited by statute if this proceeding should be dismissed. Hence there is a probability of claims in excess of the value of the vessel and pending freight, and the right of limitation is not defeated by the fact that the claims upon which suit has been commenced do not amount to the admitted value of the ship where there is a probability that there may be other claims. The Defender (D. C.) 201 F. 189.

Proceedings for limitation of liability may be maintained where the claims are less than the value of the vessel where the aggregate of the claims appears beyond question from the petition or otherwise. The George W. Fields (D. C.) 237 F. 403.

The motion is denied.