## THE AQUITANIA.

(District Court, S. D. New York. June 21, 1926.)

Shipping ⏺⇒209(2)—Owner may not maintain suit for limitation of liability where there is no possibility that claims will exceed value of vessel and her pending freight.

While averment that claims against a vessel are in excess of her value and her pending freight is not essential to give the court jurisdiction of suit for limitation of liability, the statute may not be invoked unless there is a possibility of thereby limiting the owner's liability.

In Admiralty. In the matter of petition of the Cunard Steamship Company, Limited, as owner of the Steamship Aquitania, for limitation of liability. On motion by claimants to dismiss petition. Denied conditionally.

Silas B. Axtell, of New York City (Elizabeth Robinson, of New York City, of counsel), for claimants.

Lord, Day & Lord, of New York City (Allan B. A. Bradley and Sherman Baldwin,

both of New York City, of counsel), for petitioner.

Chauncey I. Clark, of New York City, amicus curiæ.

AUGUSTUS N. HAND, District Judge. This is a motion made by the proctor for claimants to dismiss the petition for limitation of liability and vacate all proceedings therein. Actions containing claims aggregating $205,000 were brought in the state court against the Cunard Steamship Company, Limited, and had been set down for trial on the civil jury docket as preferred cases when the defendant filed a petition in this court to limit its liability. After setting up the foregoing claims, the petition of the Cunard Steamship Company, Limited, said:

"In addition to the above, which are all the claims of which petitioner now has knowledge, the petitioner is in fear that other suits or actions may be brought against the petitioner or against the Aquitania in amounts to the petitioner unknown, by other parties who may have sustained loss, damages, or injury by reason of the said collision between the Aquitania and said small boat, or by other parties who may claim to have sustained loss, damage, or injury by reason of said alleged collision between the Aquitania and the schooner Malicia Enos."

In the limitation proceeding, the petitioner filed an ad interim stipulation in the sum of $9,225,276.30, for the alleged value of the Aquitania and her pending freight.

The only ground suggested in the motion papers for dismissing the limitation which I shall discuss is that the disproportion between the value of the vessel and her pending freight and all known claims is such that the limitation proceeding is not taken in good faith, because there can be no possible occasion for limiting liability when the claims are so far less than the property to be surrendered.

In reply to the motion papers relating to the possibility of further claims is the statement in the affidavit of Mr. Bradley, one of the petitioner's attorneys, in which he says:

"It is obvious that other claims in this proceeding may be filed. No claim has yet been made by the owner of the schooner Malicia Enos. Such a claim may be made. Neither the petitioner nor petitioner's counsel know how many people were on board the Malicia Enos, and it is possible that claims other than those already filed may be made. The statement in the moving affidavit that the petition and the proceeding herein to limit liability are 'sham, frivolous, colorable,

and without foundation' is untrue. Petitioner submits that it has an absolute right to bring this proceeding and as provided by the rules of the Supreme Court of the United States and of this court it has filed an ad interim stipulation for the value of the Aquitania as provisionally appraised by Judge Mack."

Judge Brown said, in The Garden City (D. C.) 26 F. 766, that:

" * * * It is not necessary to aver or to prove that the claims against the vessel are in excess of her value, as a condition of the jurisdiction of the court to entertain this proceeding,"

But Judge Brown likewise said in The Garden City, at page 772:

"Doubtless a single claim less than the value of the vessel would be insufficient to sustain the proceeding. For in that case no purpose would be subserved by the special proceeding that would not be equally available by way of defense in an ordinary suit; and it is not to be presumed that Congress intended in such a case to take away trial by jury."

In Briggs v. Day (D. C.) 21 F. at page 731, Judge Brown also adverted to the fact that:

"The claim made was much greater than her value; and there may also be other claims hereafter presented."

In Shipowners' & Merchants' Tugboat Co. v. Hammond Lumber Co., 218 F. 161, 134 C. C. A. 575, the Circuit Court of Appeals of the Ninth Circuit dismissed a limitation proceeding where it set forth only one claim less than the value of the vessels brought in in limitation, and where default had been taken in the limitation proceedings against all other persons who might claim damages.

Yet, as Judge Neterer remarked in The Victoria (D. C.) 3 F.(2d) 330:

"The order of this court, fixing or limiting the time within which claims may be filed, is not a bar to the prosecution of an action within the period limited by statute if this proceeding should be dismissed."

He refused to dismiss the proceeding there because he found there was a "probability" of claims in excess of the value of the vessel and the pending freight.

Judge Adams seems to have assumed in The Hoffmans (D. C.) 171 F. at page 462, that, if there were not even "the merest possibility" of more than one claim, a limitation proceeding could not be maintained.

The pleading in this case is in the usual form long obtaining in this district, and cor-

responds to that sanctioned by Judge Brown in The Garden City, supra.

Judge Learned Hand, in The George W. Fields (D. C.) 237 F. 403, and in The Tug No. 16 (D. C.) 237 F. 405, doubted whether the proceeding would lie if the aggregate of all possible claims was less than the value of the vessel and her pending freight. In the George W. Fields he said that, if the petition were to allege this, it might be open to exception, and in The Tug No. 16 he suggested that the usual common-law remedies preserved by the statute should not be enjoined where there was a mere "colorable possibility, to say nothing of a manifest impossibility, such as existed in Shipowners', etc., Co. v. Hammond Lumber Co.," and added:

"Although the allegation of this petition —i. e., that there 'may be' other claims—be not necessary, yet an allegation in the answer might be a defense that there was no possibility of any such. I do not mean to decide that question here, because it is not necessary."

At the time of the argument, I gained the impression from the attitude of the counsel of the Cunard Line, if not from anything directly said, that there was no reasonable possibility that any claims made in the limitation proceeding would even remotely approximate the value of the vessel and her pending freight, and this impression was naturally strengthened by the fact that the National Surety Company was allowed by the Treasury Department and the New York state insurance department to furnish the large bond of $9,225,276.30, upon the assurance that the liability did not exceed $311,-000. While this arrangement between the surety company and the government has nothing to do with the liability on the bond for the full amount therein stipulated, it strongly indicates an opinion that the claims are trifling as compared with the amount in the stipulation for the value of the Aquitania and her pending freight.

It is contended by counsel for the Cunard Line, as well as by the amicus curiæ, that the purposes of the Liability Act are: (1) To provide for limitation of liability; and (2) to provide for a proceeding in which all parties may be brought into concourse and the liability of the shipowner determined.

In spite, however, of the fact that one of the great advantages and conveniences of a limitation proceeding is the ability to determine all claims in one litigation and thus to prevent a multiplicity of actions, I have discovered no case definitely holding that, where the claims by no possibility can aggregate the value of the vessel and her pending freight, a limitation proceeding will lie. Proceedings under such circumstances have doubtless been brought in this district but have not been attacked. The court would obtain undoubted jurisdiction upon the filing of a petition in such a form as we have here, and, if no defense were set up the proceedings and the final adjudication would be valid. I think it equally true that there has been no case definitely holding that a limitation would not lie where danger of litigation by more than one claimant is indicated and multiplicity of actions might by such proceeding be avoided. Yet the decision of the Circuit Court of Appeals of the Ninth Circuit in Shipowners' & Merchants' Tugboat Co. v. Hammond Lumber Co., supra, and the language of Judge Brown in the Garden City, 26 F. page 772, as well as the remarks of some other judges, indicate that a single claim less than the value of the vessel and her pending freight is insufficient to support the limitation proceeding where there is no danger from further claimants.

If the decision of the Circuit Court of Appeals of the Ninth Circuit in Shipowners' & Merchants' Tugboat Co. v. Hammond Lumber Co., supra, is sound law, the Limitation Act, in view of the decision of the Supreme Court in White v. Island Transportation Co., 233 U. S. 346, 34 S. Ct. 589, 58 L. Ed. 993, must be primarily founded, not upon the avoidance of a multiplicity of action, but a possibility at least that the liability of the owner may exceed the value of the vessel and her pending freight. In White v. Island Transportation Co., supra, the single claim proved was greater than the value, and, upon such a state of facts, the proceeding was allowed. In Shipowners', etc., Co. v. Hammond Lumber Co., supra, there was but one claim and that of less than the value of the vessel and her pending freight, and the proceeding was dismissed.

I see no reason from the language or of the purposes of the Limitation Act why a shipowner should be allowed to invoke it unless there is a possibility of thereby limiting his liability. I shall not grant the motion here, because the limitation petition is proper in form, and the matters urged upon this motion can, in my opinion, be set up by answer. If, however, the Cunard Steamship Company, Limited, for the purpose of testing the important question of law involved, is willing to stipulate that the claims cannot in the aggregate equal the amount of the stipulation for value, I will, upon such a record, grant the motion. Settle order on notice.

The questions as to whether the claims will possibly equal the amount of the bond on its face and whether the said bond or ad interim stipulation is good and valid in law and in fact are referred to the special commissioner, who is directed to report to the court upon the same in the first instance. Settle order on notice.