Petition of CUNARD S. S. CO., Limited.

## THE AQUITANIA.

(District Court, S. D. New York. January 17, 1927.)

1. Shipping ⊜209(2)—Limitation proceeding is not available for convenience, where claims cannot equal ship's value.

Limitation proceeding may not be invoked to bring all claims against vessel into concourse, and thus make convenient disposition of a number of actions against owner, where there is no possibility of claims equaling ship's value.

2. Shipping ⊜209(3)—Impossibility of claims equaling ship's value, so as to justify limitation proceeding, held shown.

That there was no possibility that claims against vessel might equal her value, so as to justify limitation proceedings, held shown by the evidence.

In Admiralty. In the matter of the petition of the Cunard Steamship Company, Limited, as owner of the steamship Aquitania, for limitation of liability. Petition dismissed.

See, also, 14 F.(2d) 456.

Lord, Day & Lord, of New York City (Allan B. Bradley and Sherman Baldwin, both of New York City, of counsel), for petitioner.

Silas B. Axtell, of New York City (Elizabeth Robinson, of New York City, of counsel), for claimants.

AUGUSTUS N. HAND, District Judge. In this limitation proceeding claims aggregating $205,000 have been filed with the commissioner. An ad interim stipulation for value, representing the vessel and her pending freight, was furnished in the sum of $9,-225,276.30. The discrepancy was so enormous between the stipulation for value and the claims that I ordered the question whether all claims will possibly equal the amount of the bond on its face to be referred to the commissioner, who was directed to report as to this matter in the first instance. This preliminary reference was to avoid the trial of all the issues, such as the validity of the claims and the amount of the damages, if any.

The damage claimants, who had all originally brought actions in the state court, offered proof to show that actions had been brought on behalf of the whole crew of the fishing schooner Malicia Enos, which is alleged to have been run down by the Aquitania on the Grand Banks on June 30, 1922. Proof was also given that this schooner was worth $5,000. The possible claims for the collision, therefore, are only $205,000, plus the value of the schooner, for which no claim has been filed, all aggregating $210,000. A low estimate of possible claims is borne out by the affidavit of the vice president of the surety company that furnished the bond. He got his information from proctors for the Aquitania, and reached the conclusion that all possible claims could not exceed $300,000.

It is said, however, that all the foregoing claims may be utterly unfounded and that often claims of unknown amount may have arisen during the voyage, for the Aquitania, while alleging in her petition in limitation that she fouled a small boat, denies that she collided with the Malicia Enos. Now the Aquitania's log makes record that she struck only one small vessel, "about the size of a ship's boat." If the claims in suit are unfounded, because the Aquitania did not collide with the Malicia Enos, certainly any other collision with a vessel "about the size of a ship's boat" could not occasion a damage requiring limitation, where the colliding vessel was the Aquitania. It involves no peril to shipowners to treat the considerations which determine their right to limitation in a real way. If ordinary methods of reasoning be applied to this case, and the inferences naturally deducible from the facts

proved be drawn, the contention that the claims against the Aquitania growing out of the alleged collision with the Malicia Enos, or out of any other collision during the voyage in question, may exceed her value, must be regarded as fanciful and illusory.

[1, 2] In my former opinion in this case I held that the limitation statute only applies to a situation where there is at least some chance of a limitation of liability. The Aquitania (D. C.) 14 F.(2d) 456. I am well aware of the recent cases in this district, in which the limitation statute has been invoked without challenge, in order to bring all claims into concourse and thus to make convenient disposition of a number of actions against a shipowner. This has been done in several instances, where the value of the vessel was far greater than all possible claims. Yet I am convinced that, where there clearly is no occasion for limitation, such a proceeding cannot be justified by the purpose or terms of the statute. I find that there is no possibility that limitation is needed in the present case, and accordingly sustain the exceptions to the commissioner's report, so far as it holds that the claims in limitation might possibly equal the amount of the ad interim stipulation.

The petition in limitation is accordingly dismissed, and the injunction against the prosecution of the actions in the state court is vacated. A stay will be granted pending appeal, if taken and prosecuted diligently.

Settle decree on notice.