## THE AQUITANIA.

Circuit Court of Appeals, Second Circuit.
July 5, 1927.

No. 373.

1. **Shipping** ⊜⇒209(2)—**Limitation proceeding is not available for convenience, where claims cannot equal ship's value.**

Limitation proceeding may not be invoked to bring all claims against vessel into concourse, and thus make convenient disposition of a number of actions against owner, where there is no possibility of claims equaling ship's value.

2. **Shipping** ⊜⇒209(3)—**To secure benefit of limitation, shipowner must file petition showing facts and circumstances, claiming as limitation value of vessel and pending freight (Comp. St. §§ 8021–8023; admiralty rules 51–53).**

Before owner of ship may have benefit of limitation accorded by Rev. St. §§ 4283–4285 (Comp. St. §§ 8021–8023), under admiralty rules 51–53, owner must file petition setting forth facts and circumstances under which limitation is claimed, and limitation claimed must be value of vessel and her pending freight.

Appeal from the District Court of the United States for the Southern District of New York.

In the matter of the petition of the Cunard Steamship Company, Limited, as owner of the steamship Aquitania, for limitation of liability. From a decree dismissing the petition, and vacating an injunction against the prosecution of the claimants' common-law actions (17 F.[2d] 120) petitioner appeals. Affirmed.

See, also, 14 F.(2d) 456.

Lord, Day & Lord, of New York City (Allan B. A. Bradley and Sherman Baldwin, both of New York City, of counsel), for appellant.

Silas B. Axtell, of New York City (Elizabeth Robinson, of New York City, of counsel), for appellees.

Chauncey I. Clark, of New York City, amicus curiæ.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

MANTON, Circuit Judge. The appellant's steamship Aquitania, is charged with colliding with the fishing schooner Malicia Enos on June 30, 1922, off the Grand Banks, Atlantic Ocean, resulting in the loss of the entire crew of five members and the schooner. Common-law actions were instituted for the loss of those lives and property, claiming damages in the sum of $205,000. They were on the docket for trial when, on May 15, 1926, the appellant filed a petition for limitation of liability under the provisions of Rev. St. §§ 4282–4285 (Comp. St. §§ 8020–8023). The ad interim stipulation given was in the sum of $9,225,276.30, the value of the steamship Aquitania and her pending freight. The surety company furnished a bond in the sum of $300,000, with the claim that the amount of the liability thereunder would not exceed this sum. After exceptions were filed and overruled, claimants answered the petition. A reference to a commissioner was had, his report was filed, and the court below dismissed the petition and vacated the injunction against the prosecution of the appellee's common-law actions. The petitioner appeals from that determination. It was found below that the claims in limitation "might not possibly equal the amount of the ad interim stipulation."

[1] May a petition in limitation of liability be sustained, where the amount claimed is concededly less than the value of the vessel and freight to avoid a multiplicity of suits? The authorization for limitation of liability proceedings is that found in sections 4283–4285 of the Revised Statutes, and in substance permits the owner of any vessel, as applicable here, who has caused loss, damage, or injury by reason of a collision, when it was occasioned or occurred without his privity or knowledge, to limit his damage in such collision to the amount or value of the interest of such owner in the vessel and her freight then pending. If the value of the vessel and the freight money is not sufficient to make compensation for each of those suffering loss, the compensation from the owner of the vessel is received in proportion to their respective losses, and for that purpose appropriate proceedings are provided for. The owner may transfer his interest in the vessel and freight for the benefit of such claimants to a trustee, to be appointed by any court of competent jurisdiction, to act as such trustee for the person who may prove to be legally entitled thereto, and after such transfer all claims against the owner cease. The purpose of these statutes, providing for such limitation of liability, has been considered by the Supreme Court in numerous cases, among them Providence & N. Y. S. S. Co. v. Hill Mfg. Co., 109 U. S. 578, 3 S. Ct. 379, 617, 27 L. Ed. 1038; The Benefactor, 103 U. S. 239, 26 L. Ed. 351; Norwich & N. Y. Transp. Co. v. Wright, 13 Wall. 104, 20 L. Ed. 585; Butler v. Boston & S. S. S. Co., 130 U. S. 527, 9 S. Ct. 612, 32 L. Ed. 1017; The Hamilton, 207 U. S. 398, 28 S. Ct. 133, 52 L. Ed. 264; Hartford Accident & Indemnity Co. v. Southern Pac. Co., 47 S. Ct.

357, 71 L. Ed. ——. In the last case, the court said:

"These decisions establish, first, that the great object of the statute was to encourage shipbuilding and to induce the investment of money in this branch of industry, by limiting the venture of those who build the ships to the loss of the ship itself or her freight then pending, in cases of damage or wrong happening without the privity or knowledge of the shipowner, and by the fault or neglect of the master or other persons on board; that the origin of this proceeding for limitation of liability is to be found in the general maritime law, differing from the English maritime law; and that such a proceeding is entirely within the constitutional grant of power to Congress to establish courts of admiralty and maritime jurisdiction. * * * It is quite evident from these cases that this court has by its rules and decisions given the statute a very broad and equitable construction for the purpose of carrying out its purpose, and for facilitating a settlement of the whole controversy over such losses as are comprehended within it, and that all the ease with which rights can be adjusted in equity is intended to be given to the proceeding."

The appellant concedes that the amount of the claims is small compared to the value of the vessel for which this stipulation has been given, but it contends that the proceeding may be based solely upon the claim of avoiding a multiplicity of suits, and further that the beneficent object of the law is to bring all parties into concourse who have claims arising out of a disaster such as that at bar, and in that proceeding to adjust the liability. The Supreme Court pointed out in Butler v. Boston & S. S. S. Co., 130 U. S. 552, 9 S. Ct. 612, 32 L. Ed. 1017, that an object of the law is to enable the shipowner to bring all parties into concourse who have such claims arising out of the disaster and to prevent a multiplicity of suits, but it also pointed out that the important object was to adjust liability to the value of the ship and freight. [2] Before an owner may have the benefit accorded by these sections of the Revised Statutes under admiralty rules 51–53, the owner must file a libel or petition setting forth facts and circumstances under which the limitation is claimed. The limitation claimed must, of necessity, be the value of the vessel and her pending freight, if the terms and intent of the statute be followed. As an incident of such proceeding in limitation, the owner is enabled in the one proceeding to determine whether he is liable at all. The Benefactor,

103 U. S. 239, 26 L. Ed. 351. The proceeding is for the purpose of limiting liability, and this presupposes that a certain liability will not be exceeded; that is, that there be no personal liability beyond that of the res involved. The Defender (D. C.) 201 F. 189; Shipowners', etc., v. Hammond Lumber Co. (C. C. A.) 218 F. 161. Even a single claim, if large enough, justifies the proceeding. White v. Island Transp. Co., 233 U. S. 346, 34 S. Ct. 589, 58 L. Ed. 993; The Garden City (D. C.) 26 F. 766; The Hoffmans (D. C.) 171 F. 455. But the single claim must be greater than the value of the ship; otherwise, the proceeding is unnecessary. Shipowners', etc., v. Hammond Lumber Co., supra. The proceeding is unnecessary, for, as pointed out by The George W. Fields (D. C.) 237 F. 403, "the reasoning applies equally well, if the aggregate of several claims, definitely known, be less than the value." The statute is intended to limit the liability of the shipowner, but not arbitrarily to give him a particular forum. The Tug No. 16 (D. C.) 237 F. 405. It is clearly established that the claims, all filed prior to the date of filing of the petition, are small in comparison with the value of the Aquitania, and by no possibility could they have equaled or exceeded its value.

In the early case of The Garden City (D. C.) 26 F. 766, the value of the vessel was found to be $30,000, and there were claims filed amounting to $4,000; but the court held that the nature of the accident—a severe fire, where a number of passengers were injured—created a possibility of future claims, and that the shipowner could not be compelled, at his peril, to assume the risk that the claims would be in excess of the value of the vessel. In Providence & N. Y. S. S. Co. v. Hill Mfg. Co., 109 U. S. 578, 3 S. Ct. 379, 617, 27 L. Ed. 1038, the question before the court was whether a proceeding of the District Court of the United States to limit the liability of shipowners superseded other actions and suits for the same loss or damage. The question before us was not considered there. In Hartford Accident & Indemnity Co. v. Southern Pac. Co., supra, the value of the claims greatly exceeded the value of the vessel, and the question was not whether the limitation proceedings as such could be maintained, but the controversy was between the claimants and the surety who appeared and executed its bond for the benefit of creditors. The surety failed to carry out its agreement and the claimant sued on the bond. In the other cases referred to by the appellant, the claims exceeded the value of the vessel and freight, as in Butler v. Boston & S. S. S. Co., 130 U. S.

527, 9 S. Ct. 612, 32 L. Ed. 1017; L. I. North Shore Passenger & Freight Transp. Co. (D. C.) 5 F. 599. In another group of cases cited to us, there was a possibility that the claims might exceed the value of the vessels and freight, and hence limitation was allowed. The Victoria (D. C.) 3 F.(2d) 330; The George W. Fields, supra.

The shipowner is not given the right, as argued by the appellant, to come into admiralty in a limitation proceeding merely to determine whether he is liable at law, and irrespective of whether or not limitation of liability is sought. The Benefactor, 103 U. S. 239, 26 L. Ed. 351.

Section 4289 of the Revised Statutes (Comp. St. § 8027) requires the surrender of the whole vessel and pending freight or the giving of a bond for value. It has been uniformly held that the effect of the statute is to make the shipowner's right to claim the benefit of the statute for limitation of liability depend upon the surrender by him, for the benefit of the claims, of the whole value of the vessel and her freight for the voyage. O'Brien v. Miller, 168 U. S. 287, 18 S. Ct. 140, 42 L. Ed. 469; The Great Western, 118 U. S. 520, 6 S. Ct. 1172, 30 L. Ed. 156. All that could be accomplished by appellant, if successful on this petition, would be to avoid jury trials. It would be permitting it to try the case in another forum of its choice, and this is unauthorized by the act. The Tug No. 16 (D. C.) 237 F. 405; Shipowners', etc., v. Hammond Lumber Co. (C. C. A.) 218 F. 161.

Upon the facts here disclosed—that the amount of the claims is small compared with the value of the ship and that all possible claims have been received—the appellant is not entitled to limit its liability as petitioned for, and the decree dismissing the petition must be affirmed.

Decree affirmed, with costs.