## UNITED STATES et al. v. ROBERT STEW-ARD & SONS, LIMITED, et al.
### No. 196, Docket 20911.

Circuit Court of Appeals, Second Circuit.

March 29, 1948.

John W. Crandall, of New York City, J. Vincent Keogh, U. S. Atty., of Brooklyn, N. Y., and Hunt, Hill & Betts, of New City (Robert M. Donohue, of New York City, of counsel), for appellants.

William G. Symmers and Dow & Symmers, all of New York City (Frederick Fish and John S. Stillman, both of New York City, of counsel), for appellee.

Before L. HAND, SWAN and FRANK, Circuit Judges.

L. HAND, Circuit Judge.

This is an appeal from a decree in the admiralty, dismissing the petition of the United States, as owner, and of the Black Diamond Steamship Corporation, as "bareboat" charterer, to limit their liability, arising out of a collision in Belgian waters, between their ship and a British steamer. The claimants excepted to the petition, whose allegations must therefore be taken as true, and the substance of which is as follows, so far as they are here material. After the collision the owners of the British ship, which was sunk, sued the charterer in an English court, and in that suit it posted a bond in the "equivalent" of $1,000,000. The cargo owners have sued both petitioners in the Eastern District of New York for the loss of cargo, and it is this suit which the petition is designed to enjoin. Other suits are also probable. By the law of Belgium, which has accepted the Brussels Convention upon the Limitation of Shipowners' Liability of 1924, the liability of a shipowner for damages, resulting from a collision, is limited to eight pounds a gross ton, plus the freight, which is arbitrarily set at ten per

cent of the vessel's value at the commencement of the voyage. In the case at bar these sums together amounted to about $325,000. The value of the petitioner's vessel is $1,000,000; but they have posted a bond in only the smaller amount and the question on this appeal is whether that satisfies the statute,[1] or whether a bond for $1,000,000 is necessary.

The petitioners argue that the limit to the collective liabilities of a shipowner, imposed by Article One of the Limitation of Liability Convention, attaches to the liabilities themselves in the same sense that the division of liability in cases of collision attaches under the Collisions Convention of 1910.[2] The claimants reply that the Limitation of Liability Convention goes only to the remedy, as does our own statute.[3] Obviously, the answer depends upon the proper interpretation of Article One of the Limitation of Liability Convention, whose language is: "The liability of the owner of a sea-going vessel is limited to an amount equal to the value of the vessel, the freight and the accessories" etc. If the petition had said in so many words that this meant that the limit attached to the right, it would be conclusive upon exceptions, since it would have been an allegation as to foreign law, which is treated as an allegation of fact; and we are not to understand the decision in The Titanic, supra [4] as meaning that we would refuse to recognize limits imposed upon an owner's liability by other nations which they attached to the right. In the form in which the case comes up we should read the petition with as favorable an eye as is possible, and we shall therefore construe it to mean that the Belgian law did attach the limit to the right. However, in so doing we wish to guard against any inference that this is our own interpretation of the article. With this as a premise the petitioners go on to argue that it can-

not be necessary for them to post a bond for more than the amount of that sum which is the utmost that by any chance the claimants can recover; and that the words of the statute and of the Admiralty Rule,[5] however they may read literally, should not be understood to effect an intention merely to impose an idle burden on the shipowner and to benefit no one but the bonding companies.

We do not find it necessary to pass on that question, for the argument puts the petitioners in a dilemma from which they cannot escape. If in fact the limit of all their liabilities is $325,000 and their ship is worth $1,000,000; they have no right to commence such a proceeding as this at all, and are confined to asserting their privilege as a defense to any suits which may be brought against them.[6] If on the other hand they are wrong and the liabilities may go beyond $325,000, on their own argument the bond they propose is too small. Therefore the question which they raise does not arise upon the present record; nor could it arise unless the petitioners are sued at law. It is true that should a claimant deny their right to limit liability in an action at law brought by him, the issue so raised would be justiciable only in the admiralty and would draw the whole of that litigation into the admiralty,[7] and it then might be necessary to decide whether the bond should go beyond the amount of the liability. However, the only suit so far brought in this country is in the admiralty, in which the right to limit could be tried anyway. If the claimants were successful in defeating that right, obviously this proceeding would not be proper; if they were unsuccessful, the same reasons would forbid the proceeding as do so now. Thus as things stand, the petitioners are not entitled to resort to a forum concursus.

Decree affirmed.

[1] § 185, Title 46 U.S.C.A.
[2] The Mandu, 2 Cir., 102 F.2d 459.
[3] The Titanic, 233 U.S. 718, 34 S.Ct. 754, 58 L.Ed. 1171, L.R.A.1916B, 637.
[4] 233 U.S. 718, 34 S.Ct. 754, 58 L.Ed. 1171, L.R.A.1916B, 637.
[5] No. 51, 28 U.S.C.A. following section 723.
[6] The Aquitania, 2 Cir., 20 F.2d 457; Curtis Bay Towing Co. v. Tug Kevin Moran, 2 Cir., 159 F.2d 273; The George W. Fields, D.C.S.D.N.Y., 237 F. 403.
[7] Ex parte Green, 286 U.S. 437, 52 S.Ct. 602, 76 L.Ed. 1212.