**46**

Petition of NATIONAL BULK CAR-
RIERS, Inc., as owner of THE steam-
ship PAN GEORGIA for exoneration
from or limitation of liability.

United States District Court
S. D. New York.
July 18, 1956.

Samuel D. Antopol, New York City,
for petitioner, National Bulk Carriers
Inc.

Kirlin, Campbell & Keating, New York
City, Rawle & Henderson, Philadelphia,
Pa., for claimants Donaldson Towing,
etc. and the Curtis Bay Towing, etc.

Brenner, Hannan & Murphy, New
York City, for claimant, Louis A. Acord.

LEVET, District Judge.

The claimants herein, Donaldson Tow-
ing & Lightering Company, a Delaware
corporation, and the Curtis Bay Towing
Company of Pennsylvania, a Pennsyl-
vania corporation, have moved pursuant
to Admiralty Rule 54, 28 U.S.C.A. and
Section 1404(a) of Title 28 U.S.C.A. to
transfer this proceeding to the United
States District Court for the Eastern
District of Pennsylvania. This is a
proceeding in admiralty brought by pe-
titioner, National Bulk Carriers Inc., a
Delaware corporation, as owner of the
steamship Pan Georgia for exoneration
from or limitation of liability with re-
spect to a fire and explosion on peti-
tioner's vessel which occurred on July
23, 1953 at Wilmington, Delaware. The
tugs J. H. Deinlein and Wotoco were
alongside the Pan Georgia when the ac-
cident occurred. The claimant Donald-
son Towing & Lightering Company was
the owner of said tugs and the claimant
the Curtis Bay Towing Company of
Pennsylvania was the bareboat charterer
thereof.

Numerous claims were filed in this
proceeding, all of which have been com-
promised and settled by the petitioner,
with the exception of the two claimants

herein and a personal injury claim which is alleged to be relatively minor in nature and amount. It appears that the limitation fund in this proceeding is substantially greater than the aggregate undisposed claims.

Prior to the commencement of this proceeding, the two claimants, as owner and bareboat charterer of the aforesaid tugs, each instituted separate proceedings for exoneration from or limitation of liability in the United States District Court for the Eastern District of Pennsylvania. These proceedings involve the same accident as is involved herein. Claims for damages similar to those filed in this proceeding were filed in the Philadelphia proceedings, including the claim of the petitioner herein for its losses and damages. It is alleged that the limitation funds in the Philadelphia proceedings are substantially less than the remaining undisposed claims. Petitioner, National Bulk Carriers Inc., has moved to transfer the Philadelphia proceedings to this district. Decision on this motion is being withheld pending the disposition of claimants' motion for transfer of the instant proceeding to Philadelphia.

Admiralty Rule 54 permits transfer of limitation proceedings "to any district for the convenience of the parties." Section 1404(a) of Title 28 U.S.C.A. adds two additional factors, namely the convenience of the witnesses and the interest of justice. The courts in this district have held that Section 1404(a) also applies to admiralty. Torres v. Steamship Rosario, D.C.S.D.N.Y.1954, 125 F.Supp. 496, affirmed Torres v. Walsh, 2 Cir., 221 F.2d 319; Texas Company v. United States, D.C.S.D.N.Y. 1953, 116 F.Supp. 915, affirmed Petition of Texas Co., 2 Cir., 213 F.2d 479, 482; Arrowhead Co. v. The Aimee Lykes, D.C. S.D.N.Y.1950, 101 F.Supp. 895.

The following undisputed facts militate in favor of a transfer of this proceeding to Philadelphia: The accident occurred at Wilmington, Delaware, which is only a few miles from Philadelphia; the investigation by the Coast Guard was conducted in Philadelphia and Wilmington; fifteen of the claimants' witnesses reside in the vicinity of Philadelphia; claimants' principal places of business and all their records are located in Philadelphia; the tugs were brought to Philadelphia after the accident and then to Camden, New Jersey, for repairs, and with one exception, all the witnesses who testified for petitioner at the Coast Guard investigation are not residents of New York.

It is also noted that the limitation fund in the Philadelphia proceeding is less than the remaining claims, whereas the limitation fund in the instant proceeding is substantially greater than the remaining claims. Thus, the claimants in the instant proceeding are in a position to vacate the limitation injunction and bring suit in Philadelphia against the petitioner herein, at which time they could consolidate such suits with their Philadelphia limitation proceedings. Thus, it was said in Petition of Trinidad Corporation (The Fort Mercer), 2 Cir., 1955, 229 F.2d 423, at page 428, 1956 A.M.C. 872, at page 876:

> "However, in cases in which the fund exceeds the total amount of damages which may be awarded, the 'many cornered controversy' does not exist. On the one hand, the owner's right to a limitation becomes moot and, on the other hand, no occasion for a marshalling arises and the concourse is not necessary to protect one claimant from excessive claims by competing claimants. In such cases, this court has held that the limitation statute carries no power to enforce a concourse, thereby depriving claimants of a choice of forum otherwise available. The Aquitania, D.C., 14 F.2d 456, [1926 A.M.C. 1071] affirmed 2 Cir., 20 F.2d 457, [1927 A.M.C. 1320]; Curtis Bay Towing Co. v. Tug Kevin Moran, Inc., 2 Cir., 159 F.2d 273 [1947 A.M.C. 51], and Petition of Moran Transportation Corp., 2 Cir., 185 F.2d 386 [1951 A.M.C. 66]."

**48**

Accordingly, the balance of convenience is in claimants' favor and, therefore, their motion to transfer this proceeding to the United States District Court for the Eastern District of Pennsylvania is granted.

Settle order on notice.