**CURTIS BAY TOWING CO. v. TUG KEVIN MORAN, Inc., et al.**

**No. 109, Docket 20381.**

Circuit Court of Appeals, Second Circuit.

Jan. 9, 1947.

Joseph W. Henderson, of Philadelphia, Pa., Kirlin, Campbell, Hickox & Keating, of New York City, and Rawle & Henderson, of Philadelphia, Pa., (Harold B. Finn, of New York City, and Harrison G. Kildare, of Philadelphia, Pa., of counsel), for Curtis Bay Towing Co. of Pennsylvania, appellant.

Chauncey I. Clark, and Burlingham, Veeder, Clark & Hupper, all of New York City (Charles E. Wythe, of New York City, of counsel), for appellees.

Howard M. Long, of Philadelphia, Pa., and Hill, Rivkins & Middleton, of New York City (Thomas H. Middleton, of New York City, of counsel), for damage-claimant, Ritner K. Walling.

Before L. HAND, CHASE, and FRANK, Circuit Judges.

L. HAND, Circuit Judge.

This is an appeal from an order (entered in a proceeding to limit a shipowner's liability[1]), which denied the motion of a claimant in that proceeding to vacate an injunction against suing the petitioners in Pennsylvania, and to dismiss the proceeding. Two questions arise: (1) Whether the appeal lies; (2) whether the injunction was proper. The facts are as follows. The petition alleged that one petitioner was the owner, and the other was the charterer, of the tug, "Margot Moran," which on January 11, 1945, had two barges in tow in the Delaware River. One of these, the "Sheridan," came into collision with the barge, "Electric No. 21," then in tow of another tug, the "Hercules"; and the collision injured not only the "Sheridan" and the "Electric No. 21," but the other barge in tow of the "Margot Moran"—the "Gossan." The owner of the "Electric No. 21" had sued the owners of the "Hercules" in the Eastern District of Pennsylvania, and the owners of the "Hercules" brought in the petitioners.[2] The ad damnum in that suit was $10,000. The petitioners had been informed that the owners of the "Sheridan" proposed to make some claim against them; and a claim for $2500 had already been made by the owner of the "Gossan." The petition concluded that the "petitioners believe that as a result of the aforesaid col-

---

[1] §§ 183–188, Title 46 U.S.C.A.

[2] Admiralty Rule 56, 28 U.S.C.A. following section 723.

lision other claims may be made and various suits * * * will be instituted * * * The amount of such claims is at present unknown to petitioners, but petitioners believe it may exceed the value of * * * tug Margot Moran and her pending freight," the total of which was $209,000. The petition was filed on July 10, 1945; on the same day the petitioners filed a stipulation for $209,000, and the court entered two orders: One of these referred the proceeding to a special commissioner; the other fixed October 23, 1945, as the limit for filing claims, ordered a monition to be published, and enjoined all suits against the petitioners. Thereafter four claims were filed, all before October 23, 1945. Walling, owner of the "Electric No. 21," filed a claim for $10,000; Sheridan, owner of the "Sheridan," filed a claim for $4500; Hughes, owner of the "Gossan," filed a claim for $2500; the Curtis Company, owner of the "Hercules," filed a contingent claim for $15,000, against the possibility that it might be liable to the other claimants. (This fourth claim should be understood as being for $17,000, instead of $15,000.) On November 9, 1945, the time for filing claims having expired, the Curtis Company renewed a motion, already once denied, to dismiss the petition and dissolve the injunction, on the ground that no other claimants had appeared, or been heard of by any of the parties concerned in the collision. The judge denied this motion and the Curtis Company appealed.

■ As to the appealability of the order we need only cite our recent decision in Hedger Transportation Corp. v. Gallotta.[3] The petitioners attempt to distinguish it by calling attention to the words with which we concluded our discussion of jurisdiction (at page 872 of 145 F.2d): "It is not necessary to decide that point" etc. These referred to the question whether the denial of a stay determined "the rights and liabilities of the parties," as the Ninth Circuit had held in "The Helen L."[4] It was that which we did not need to answer; our decision was flat that the injunction in limitation proceedings of suits against claimants is appealable.[5]

■■ The collision occurred now nearly two years ago, and over a year before the order was entered. The petitioners do not suggest that anyone was hurt on board any of the vessels, or that the "Hercules" was herself injured. So far as can now be seen, the only possible claimants are the three barges which have filed claims, whose aggregate is $17,000; for the claim of the Curtis Company is not to be added, because, it is contingent upon a recovery against it by the barges; and the fund is over twelve times the sum of all these. Surely there can be no reasonable prospect that the fund will ever be exhausted, to say nothing of being exceeded. In The Aquitania,[6] Judge Augustus N. Hand held that in a similar situation the shipowner might not enjoin suits by claimants, and we affirmed him.[7] It is true that limitation proceedings are not merely auxiliaries to the distribution of an inadequate fund among a number of claimants. In White v. Island Transportation Company,[8] for example, the court refused to dismiss the petition, although there was only a single claim, and the shipowner could have asserted his privilege as a partial defence in the action in which he was sued.[9] That decision has, however, been substantially modified by Langnes v. Green,[10] and Ex parte Green[11] which taken together held that, so long as the claimant does not challenge the privilege, the shipowner may not draw an action against him into the admiralty court, when there is only a single claim, even though it be greater than the value of the vessel. That does indeed presuppose that, if the privilege is challenged, the admiralty court has exclusive jurisdiction to decide the issue, which brings with it all the other issues into that court; but with that exception the pro-

3 1945, 2 Cir., 145 F.2d 870.
4 109 F.2d 884, 886.
5 § 227 of Title 28 U.S.Code.
6 D.C., 14 F.2d 456.
7 The Aquitania, 2 Cir., 20 F.2d 457.
8 233 U.S. 346, 34 S.Ct. 589, 58 L.Ed. 993.
9 The "Scotland," 105 U.S. 24, 33, 34, 26 L.Ed. 1001.
10 282 U.S. 531, 51 S.Ct. 243, 75 L.Ed. 520.
11 286 U.S. 437, 52 S.Ct. 602, 76 L.Ed. 1212.

ceeding will lie, we think, only when a concourse is necessary in order to distribute an inadequate fund.

■ We can see no justification in the case at bar for enjoining suits in Pennsylvania. The chance that the amount of the claims filed will ever be more than $209,000 is so remote, that it should not count, and the right to limit is not challenged. It is true that an injunction does not deny to any claimant "the right of a common-law remedy where the common law is competent to give it";[12] for the claimants are suing in the admiralty anyway. However, every claimant has a legally protected interest in choosing his forum, even though the method of trial be not changed if he is moved elsewhere. The privilege of limiting liability is not part of any doctrine of forum non conveniens; a shipowner, sued in several places by several persons, has no advantage over other persons in the same position. If he would consolidate the several suits against him, he must fulfill those conditions which govern the consolidation of actions; if he would move them for trial elsewhere, he must fulfill those which govern the removal of causes. The order must be reversed, so far as it let the injunction stand.

The question remains whether we should not also dismiss the proceeding, as we have jurisdiction to do.[13] Had the question arisen before the amendment to the statute [14] which limited the time within which a petition may be filed to six months "after a claimant shall have given to or filed with such owner written notice of claim," it might well have been proper to dismiss the whole proceeding; for the petitioners could have filed another, if enough more claims were made against them later. Now that the time is limited within which it must be filed, there is some reason for letting a petition stand even though the facts do not warrant an injunction, and there is no inconsistency in doing so. There is no inherent reason why an injunction in these proceedings should not depend upon those considerations on which injunctions usually depend: the imperative of the text is not necessarily final. Before the amendment there was no occasion to distinguish between the propriety of the injunction and the sufficiency of the petition as a pleading; but now there is, and there are sound reasons for the distinction. It cannot prejudice claimants that the proceeding remains open, if they are free to press their suits to judgment and to collect. If meanwhile by some chance, which at the moment is too remote for practical recognition, other claims should appear which will make a concourse proper, a concourse can take over the situation as it then is;[15] everything theretofore decided will remain decided, but the shipowner will be entitled to such part of his relief as may remain possible. Both sides will be protected in their remedies so far as it is possible to protect them without unfair invasion of the interests of either by the other.

Order reversed; injunctions denied; petition to stand.

---

[12] § 41(3), Title 28, U.S.C.A.

[13] Mast, Foos & Co. v. Stover Mfg. Co., 177 U.S. 485, 20 S.Ct. 708, 44 L. Ed. 856; Meccano Limited v. John Wanamaker, 253 U.S. 136, 141, 40 S.Ct. 463, 64 L.Ed. 822; Deckert v. Independence Shares Corporation, 311 U.S. 282, 287, 61 S.Ct. 229, 85 L.Ed. 189.

[14] 49 St.L. 1480, § 3, 46 U.S.C.A. § 185.

[15] The Benefactor, 103 U.S. 239, 26 L. Ed. 351.