**Petition of MORAN TRANSP. CORPORATION.**

No. A.-18599.

District Court, E. D. New York.

Jan. 14, 1948.

Alexander & Ash, of New York City (Sidney A. Schwartz, of New York City, of counsel), for petitioner.

Harry R. Santillo, of Brooklyn (Benjamin R. Leinhardt and Harry Grayer, both of Brooklyn, of counsel), for claimant.

BYERS, District Judge.

This is a motion to vacate a stay in what must be deemed to be a one-claim limitation proceeding, although the filing date had not been reached when this motion was argued.

The Petition in limitation was filed on October 16, 1947, more than two months after Santina Mellino had brought suit against the petitioner in the Supreme Court of New York, as Administratrix appointed by the Surrogate's Court, Kings County, to recover damages for the death of her husband Vittorio, on February 26, 1947.

The complaint asserts that the death was "caused solely by reason of the negligence and carelessness" of the defendant "in the maintenance and operation of its said scow" (the decedent was working on it at the time) "in that the gears, mechanism and apparatus which controlled the operation of the dumping doors in the hatches were defective, out of repair, rusted and broken".

The petitioner served its answer in the state court suit on October 1, 1947, denying the foregoing.

In connection with the Petition herein, a stipulation for value was filed in the sum of $31,055, and on October 16th the customary order was granted directing issuance of monition, and fixing January 21, 1948, as the last day for proofs of claim, and the usual stay of actions and proceedings "until the hearing and final determination of this proceeding".

Under date of December 31, 1947, Santina Mellino filed an answer to this Petition for limitation, which clearly raises the issue of unseaworthiness on the part of the scow, and negligence in its operation, in that both "were within the privity and knowledge of the petitioner, its officers and agents".

Presently she seeks to have the stay lifted so that she may proceed with her action in the Supreme Court. The notice of motion states the purposes more in detail, but the question for decision comes down to that. The opposition of the petitioner is to the effect that she may not have the relief sought because she has not formally or otherwise conceded the right to limit; that the issues made by the pleadings in the state court challenge the privilege of limitation, which pertains alone to the Admiralty, and thus all other issues are brought into this Court, within Curtis Bay Towing Co. v. Tug Kevin Moran, Inc., et al., 2 Cir., 159 F.2d 273, at page 275. In that case, however, the injunction was vacated, and the language of the Court, which is paraphrased above, is the statement of a presupposition made in the course of decision.

It is not clear that the quoted allegation from the complaint in the action at law is sufficient to support the petitioner's present assertion that the basis for limitation is intended to be presented in that litigation; but if it is, and if it can be adroitly woven into argument so as to lurk somewhere in the consciousness of the jury, it can in no wise be determined elsewhere than in this proceeding.

The precaution prescribed in Petition of Red Star Barge Line, Inc., et al., 2 Cir., 160 F.2d 436, at page 438, certiorari denied 331 U.S. 850, 67 S.Ct. 1741, will suffice to preserve to the petitioner the right to have the issues touching the right to limitation decided exclusively in this Court.

The only difference between that case and this is that there the sole claimant sought leave to sue in the state courts, while here the moving party had already brought her suit when this proceeding was instituted. To that extent her application is the more persuasive.

The motion will be granted as follows:

The injunction contained in the order of October 16, 1947, is lifted as to Santina Mellino as Administratrix etc., so as to permit her to proceed with the action which she has instituted in the Supreme Court of New York, to judgment, provided:

(a) That she forthwith file her claim in this proceeding.

(b) That she concede in writing the adequacy in amount of the stipulation for value ($31,055).

(c) That she file herein a written and acknowledged consent waiving any claim of res judicata relevant to the issue of limited liability based upon any judgment that she may obtain in the state court action.

(d) That she concede in writing the petitioner's right to litigate limitation in this proceeding in all respects as though her said motion had not been made.

The petitioner will be stayed from taking further steps in this proceeding until final adjudication in the state court action, and jurisdiction of this proceeding will be reserved in all respects.

Settle order.