Petition of **TRACY et al.**

**THE ANN MARIE TRACY.**

Claim of **FERREIRA.**

No. 19181.

United States District Court
E. D. New York.

Sept. 20, 1949.

Macklin, Speer, Hanan & McKernan, New York City (Gerald J. McKernan, New York City, Martin J. McHugh, New York City, of counsel), for petitioners.

McElroy & Lucey, St. George, S. I., N. Y. (John R. Daly, Richmond, S. I., N. Y., Thomas L. Frawley, New York City, of counsel), for claimant.

GALSTON, District Judge.

The matter before the court is an application made by Lola Clarcey Ferreira, as administratrix of the estate of her husband, Ladislau Ferreira, deceased. She seeks by this motion to modify the order of this court of April 12, 1949, entered pursuant to a petition filed under 46 U.S.C.A. § 181 et seq., which petition sought to limit the liability of the owners of the vessel, and directed the issuance of a monition, and which order also enjoined the institution of all other suits in respect to any claims subject to limitation.

The fundamental difficulty with the position of the claimant [1] is that apparently she had not consulted the files in this case; otherwise she would have been apprised that the docket discloses the filing of claims by Archie Usdin, filed August 22, 1949; of Julio Pereira, filed August 22, 1949, and of Bernuth-Lembcke Co., Inc. and Trimountain Steamship Corporation, filed August 24, 1949. It also appears that a claim by Francis J. Mulligan, Public Administrator of the County of New York, on behalf of the heirs of Euselio Montero, has been served on proctors for the petitioner. The proctors have also been informed that two more claimants will apply to this court for orders to file claims in the limitation proceedings.

Thus it appears that the authorities relied upon by the claimant Ferreira do not support her application, for in The Red Star No. 40, 2 Cir., 160 F.2d 436, certiorari denied 331 U.S. 850, 67 S.Ct. 1741, 91 L.Ed. 1859, there was but one claimant; and in The Vera III, D.C., 24 F.Supp. 421, 422, it appeared that though a husband and wife were claimants, apparently but one claim was filed, for the opinion reads: "The fact that there is only one claim urged * * *".

█ It is, of course, entirely understandable why in a case where there is only one claimant, such claimant may, if he elects, go into the State Court to prove his damages, for there is no question involved of a multiplicity of suits. To prevent a multiplicity of suits is one of the reasons for the institution of a limitation proceeding. See Providence & New York Steamship Co. v. Hill Manufacturing Co., 109 U.S. 578, 3 S.Ct. 379, 617, 27 L.Ed. 1038, for an early discussion of the statute. Admiralty Rule 51, 28 U.S.C.A., prescribed by the Supreme Court, is designed to permit an order of the District Court, having jurisdiction of a limitation proceeding, to restrain the further prosecution of all and any suit or suits against the owners in respect to any claim subject to limitation in the proceedings before the court.

In a later case, Hartford Accident & Indemnity Co. v. Southern Pacific Co., 273 U.S. 207, 47 S.Ct. 357, 358, 71 L.Ed. 612, the Supreme Court had occasion to review the scope of the statutory right, and said: "These decisions establish, first, that the great object of the statute was to encourage shipbuilding and to induce the investment of money in this branch of industry * * *; and that such a proceeding is * * * (constitutional); that to effect the purpose of the statute, Admiralty Rules Nos. 54, 55, 56, and 57 (new Rules 51–54) were adopted, by which the owner may institute a proceeding in a United States District Court in admiralty against one claiming damages * * *; that all others having similar claims against the vessel and the owner may be brought into * * * the proceeding, by monition, and enjoined from suing * * * on such claims in any other court."

█ It is clear from the opinion that the Supreme Court by its rules and decisions has given the statute a very broad construction for carrying out its purposes, and for facilitating the settlement of the whole controversy. The opinion states: "The proceeding partakes * * * of the features of a bill to enjoin multiplicity of suits, a bill in the nature of an interpleader * * *. It looks to a complete and just disposition of a many-cornered controversy."

See also The Quarrington Court, 2 Cir., 1939, 102 F.2d 916, certiorari denied Court Line v. Isthmian, 307 U.S. 645, 59 S.Ct. 1043, 83 L.Ed. 1525.

That most eminent authority in admiralty, Judge Addison Brown, said in The Rosa, D.C., 53 F. 132, 134, "Where there are several damage claimants * * * and where the damages are unliquidated and may exceed the value of the vessel, so that a case is presented for the ascertainment of the amount of various claims

---

[1]. The term is used merely by way of identification of Lola Clarcey Ferreira, for it does not appear that she has filed any claim in the limitation proceedings, nor has any action been instituted by her against the owners and operators of the colliding tanker Elizabeth Jane Nicholson.

* * *, in order to make a pro rata distribution * * *, the common-law remedies are inappropriate and inadequate. A special proceeding is necessary for the full protection of the shipowner in such cases; and such are the cases contemplated by sections 4284 and 4285 of the Revised Statutes [46 U.S.C.A. §§ 184, 185]. The very language of these sections shows that they contemplate, and are meant to provide for, cases where there is more than one damage claimant."

The motion, therefore, is denied. Settle order.

