586

**In re TRAWLER GUDRUN, Inc.**

No. 51–28.

United States District Court
D. Massachusetts.

Dec. 11, 1951.

Joseph F. Dolan, Boston, Mass., for petioner.

Melvin I. Bernstein, Gloucester, Mass., for Helen Mello, Adm'x.

Harry Kisloff, Boston, Mass., for Charles Poirier.

SWEENEY, Chief Judge.

This action was started as a petition in admiralty for exoneration from or limitation of liability. In that petition the owner averred that the vessel was worth not over $179,925.00, and the value of the cargo was not more than $4,582.92. An independent appraiser fixed the value of the vessel and her pending freight in the sum of $175,000. Two appearances have been filed in answer to the petition and the claim of Helen Mello, Administratrix, has been filed in the sum of $5,000 for injuries received by her intestate aboard the vessel. The other claim is the claim of one Charles Poirier in the amount of $150,000 for injuries received aboard the same vessel on the same trip. It is to be noted that the aggregate of the two claims does not approximate the value of the vessel and cargo. Accordingly, the petition to limit liability is denied without prejudice.

There is before the Court the motion of Charles Poirier to modify the original restraining order so as to allow Poirier to prosecute his suit under the Jones Act, 46 U.S.C.A. § 688, with the right of jury trial. This motion is granted conditioned upon the filing by said Poirier of a waiver of a claim to *res judicata* in this Court on the question of limitation of liability. The petition for limitation of liability is retained as a pending case in this Court to the end that application may be again made for limitation in the event that action in the state court dictates the necessity of such action. See Great Lakes Dredge & Dock Co. v. Lynch, 6 Cir., 173 F.2d 281, and Petition of Red Star Barge Line, 2 Cir., 160 F.2d 436.