## Petition of POLING HOLDING CORP. THE POLING BROS. No. 7.

United States District Court
S. D. New York.
March 15, 1954.

Macklin, Speer, Hanan & McKernan, New York City, Leo F. Hanan, Martin J. McHugh, New York City, of counsel, for petitioner.

Isidore Vogel, Peekskill, N. Y., and Klonsky & Steinman, New York City, for claimant Robert H. McGuire.

Purdy, Lamb & Catoggio, New York City, for claimant John E. Bleakley.

Jack Steinman, Brooklyn, N. Y., Edmund F. Lamb, New York City, on the memorandum.

DIMOCK, District Judge.

This is a motion to dismiss a petition for limitation of liability or, in the al-

ternative, to modify the order restraining the further prosecution of suits against the petitioner by the administrator of the estate of Gerald McGuire and by the administrator of the estate of John E. Bleakley, Jr.

The limitation proceeding in issue arose out of a collision on the Hudson River between the Motor Vessel Poling Bros. No. 7 and a rowboat, on May 10, 1953. On October 23, 1953, an action for damages of $100,000 was instituted in the Supreme Court of New York, Westchester County, by the administrator of the estate of Robert H. McGuire, a deceased occupant of the rowboat. On December 22, 1953, Poling Holding Corporation filed a petition for limitation of liability in which it alleged that its interest in M/V Poling Bros. No. 7 was $156,000 and this court directed the issuance of a monition to all those claiming damages from the collision to make proof of their claims by February 4, 1954, and issued an order restraining the prosecution of any other actions on such claims. On December 29, 1953, before receiving service of the order of this court, the administrator of the estate of John E. Bleakley, Jr., another deceased occupant of the rowboat, instituted an action for damages of $60,000 against petitioner in the New York Supreme Court, Westchester County. Subsequently, these two claimants filed claims in the limitation proceeding for $90,000 and $50,000 respectively. No other claims were filed by February 4, 1954, and default was noted on that date.

No other claims have since been filed, nor does petitioner actually know of any other claims. Thus, the claims filed to date do not exceed the limitation fund of $156,000.

Both of the claimants agree to reduce their claims for damages in the state court proceedings to the amounts claimed in this limitation proceeding and to stipulate not to enter judgments for a greater amount if this proceeding is dismissed.

Petitioner contends that if, at the time of the filing of the petition, there is any possibility that there will be claims filed which may exceed the amount of the petitioner's interest in the vessel the admiralty jurisdiction of a federal court is properly invoked in a proceeding for limitation of liability and that claimants cannot oust the court of jurisdiction by reducing their claims. Claimants, however, do not limit themselves to their plea that the petition should be dismissed. They argue that under the principles set forth in Langnes v. Green, 282 U.S. 531, 541–542, 51 S.Ct. 243, 75 L.Ed. 520, this court should, in the exercise of its discretion, permit the state court actions to proceed.

In the Green case, the Supreme Court, in passing on the denial of a motion to vacate a stay, indicated that, where both the right of the claimant to a jury trial and the right of the shipowner to limited liability could be preserved by permitting the state court action to proceed, that was the proper course to follow. Petitioner argues that the doctrine of the Green case is applicable only to the situation where a single claim is involved. I reject such an arbitrary limitation. In Curtis Bay Towing Co. v. Tug Kevin Moran, 2 Cir., 159 F.2d 273, the Court of Appeals of this Circuit applied the principle of the Green case to a three-claim case where the state court actions were nonjury suits. In the Kevin Moran, it must be admitted, the limitation fund was over twelve times the sum of all the known claims, while, in the case at bar, the excess over the known claims is only $16,000. I do not believe, however, that this is a significant distinction on the issue of the modification of the stay since petitioner's argument that further claims are likely is not very persuasive under the particular facts of this case. Further, in the case at bar, the claimants' right to a jury trial, see section 1333(1), title 28 U.S.C., is in the balance.

Neither the Green case nor the Kevin Moran directs the remedy of dismissal but I regard them as authority for the practice of permitting prosecution of the state suits while retaining

jurisdiction so that petitioner may be fully protected in the unlikely event that a claim or claims increasing the aggregate to a point in excess of the vessel's value should appear. In that event enforcement of any state court judgment which has been obtained in the meantime can be enjoined just as the suit could have been enjoined. See The Benefactor, 103 U.S. 239, 243–244, 26 L.Ed. 351; Davenport v. Winnisimmet Co., 1 Cir., 162 F. 862, 864–865. Such a state court judgment obtained in the meantime will constitute a claim in the limitation proceeding and will be res judicata as to amount of the damage but subject to pro rata reduction. The Benefactor, 103 U.S. 239, 26 L.Ed. 351, supra.

I shall vacate the restraining order only on the conditions to which claimants have consented, that they reduce their damage claims in the state court actions to the amounts claimed in this proceeding and stipulate that they will not enter judgments in excess of such claims.

Settle order on notice.