Petition of TEXAS CO.

THE WASHINGTON.

Nos. 222, 266, Dockets 23008, 23064.

United States Court of Appeals Second Circuit.

Argued April 7 and 8, 1954.

Decided May 26, 1954.

Thacher, Proffitt, Prizer & Crawley, New York City (Joseph M. Brush, New York City, of counsel), for Texas Co.

J. Edward Lumbard, U. S. Atty. for Southern District of New York, New York City (Louis E. Greco, New York City, of counsel), for the United States.

Sterling & Schwartz, New York City (Marvin Schwartz and Betty Olchin, New York City, of counsel), for claimants.

Before CHASE, Chief Judge, and SWAN and FRANK, Circuit Judges.

FRANK, Circuit Judge.

1. The United States has moved to dismiss The Texas Company's appeal from Judge Weinfeld's order. The motion is denied. We have jurisdiction of the appeals. See W. E. Hedger Transp. Corp. v. Gallotta, 2 Cir., 145 F.2d 870; Curtis Bay Towing Co. v. Tug Kevin Moran, Inc., 2 Cir., 159 F.2d 273.

2. Although the claims as originally filed exceeded the fund (or stipulated value) of $2,109,957.58, they have now been reduced by stipulation so that the fund is about $350,000 in excess of all filed claims. As a consequence, we do not have the problem of a distribution of an insufficient fund contemplated by the statute. For 46 U.S.C.A. § 184 provides that, when loss is suffered by several persons, "and the whole value of the vessel, and her freight for the voyage, *is not sufficient to make compensation to each of them*, they shall receive compensation * * * *in proportion to their respective losses*", and that the limitation proceedings are "for the *pur-*

*pose of apportioning the sum * * *
among the parties entitled thereto."[2]

 We have several times announced the principles which we think must apply here: Absent an insufficient fund (1) the statutory privilege of limiting liability is not in the nature of a *forum non conveniens* doctrine, and (2) the statute gives a ship-owner, sued in several suits (even if in divers places) by divers persons, no advantage over other kinds of defendants in the same position. Concourse is to be granted "only when * * * necessary in order to distribute an inadequate fund."[3] The "purpose of limitation proceedings is not to prevent a multiplicity of suits but, in an equitable fashion, to provide a marshalling of assets—the distribution pro rata of an inadequate fund among claimants, none of whom can be paid in full."[4] We see nothing to the contrary in Maryland Casualty Co. v. Cushing, 347 U.S. 409, 74 S.Ct. 608, where the claims aggregated $600,000 and the Court was advised the valuation was but $25,000.

3. The Texas Company asserts, however, that the record shows there are or may be persons injured by the collision who have not yet filed but who may later file claims which, together with those already filed, may exceed the fund. But, as in *Curtis Bay Towing Co. v. Tug Kevin Moran, Inc.*, 2 Cir., 159 F.2d 273, on the facts here—with the maximum amount of the filed claims fixed by stipulation—there is little likelihood that other claims will be asserted before they are barred by applicable statutes of limitation or otherwise. As in that case, the district court will retain jurisdiction of the limitation proceeding, so that if, "by some chance * * * other claims should appear which will

make a concourse proper, a concourse can take over the situation as it then is * * *." Accordingly, we deem irrelevant the argument of The Texas Company as to ouster of the jurisdiction of the court below.

4. For the reasons stated in Judge Weinfeld's opinion, we think his order correct.[5] It will be affirmed on the condition that the proffered amendment to the stipuation will be filed promptly in the district court. On the same condition, we reverse Judge Ryan's order.

---

2. Emphasis added.

3. Curtis Bay Towing Co. v. Tug Kevin Moran, Inc., 2 Cir., 159 F.2d 273, 276.

4. Petition of Moran Transp. Corp., 2 Cir., 185 F.2d 386, 388–389. See also Petition of Red Star Barge Line, Inc., 2 Cir., 160 F.2d 436; The Aquitania, D.C.,
.14 F.2d 456, 458, affirmed, 2 Cir., 20 F.2d 457.

5. This court has heretofore dismissed the appeal from Judge Weinfeld's order transferring to the Virginia district the suit by The Texas Company against the United States.