Petition of **LAKE TANKERS CORPORATION, for exoneration from or limitation of liability.**

United States District Court
S. D. New York.
July 14, 1955.

Burlingham, Hupper & Kennedy, New York City, proctors for petitioner, Eugene Underwood and H. Barton Williams, New York City, of counsel.

Rosen & Rosen, Poughkeepsie, N. Y., proctors for claimant Lillian M. Henn, appearing specially, Paul Rosen, Poughkeepsie, N. Y., and Frank C. Mason, New York City, of counsel.

WEINFELD, District Judge.

The claimant moves to modify the restraining order entered in the limitation proceeding so as to permit her to proceed with a suit against petitioner in the New York State Supreme Court commenced in her capacity as Administratrix of the estate of her late husband.

The claim arises out of a collision in the Hudson River between the motor yacht Blackstone, on which deceased was a passenger, and the tank barge LTC No. 38 then in tow of the tug Eastern Cities. The tug and the barge are owned by the petitioner. The Eastern Cities was push-towing No. 38 up the Hudson River and the yacht was proceeding downstream when the collision occurred. The yacht sank and deceased was drowned. The other passengers aboard the yacht and its owner have also filed claims against the petitioner.

In all there are eleven claimants and their claims aggregate $259,525. The total of two bonds filed in the limitation proceeding is $283,542.21. Accordingly, the claimant-Administratrix, in reliance upon Petition of Texas Co., 2 Cir., 213 F.2d 479, and other authorities [1] seeks to lift the restraint.

The petitioner contends that Petition of Texas Co., supra, is inapplicable; that in fact the limitation funds do not exceed the aggregate of all claims filed against it. It urges that in the instant proceeding there is not a single limitation fund of $283,542.21 but on the contrary two separate funds, one for the Eastern Cities in the sum of $118,542.21

1. Curtis Bay Towing Co. v. Tug Kevin Moran, Inc., 2 Cir., 159 F.2d 273; Petition of Poling Holding Corp., D.C.S.D. N.Y., 120 F.Supp. 890; In re Trawler Gudrun, Inc., D.C.D.Mass., 101 F.Supp. 586.

and the other for the LTC No. 38 in the amount of $165,000, and that pending a final determination of liability on the part of each vessel, each fund must be treated separately and so treated clearly the eleven claims exceed each fund and so must be brought into concourse.

The facts which led up to the filing of the separate ad interim stipulations are as follows: In September, 1954 claimant as Administratrix commenced her action in the State Supreme Court, Ulster County, to recover damages for the wrongful death of decedent. The complaint charged that the Lake Tankers Corporation as owner of both the barge and tug, was negligent and contributed to the death of decedent. The owner of the yacht Blackstone was also named as a defendant in the action and charged with negligence in its operation.

. Thereafter the petitioner filed the limitation proceeding as owner of both the tug and barge but gave an ad interim stipulation only for the value of its interest in the tug Eastern Cities and pending freight in the sum of $118,542.21. The usual restraining order issued but was not limited to the tug Eastern Cities. The restraint also enjoined prosecution of claimant's state court action against petitioner with respect to the barge as well. The petition alleged that the barge was without motive power; that both vessels were seaworthy; that both were exhibiting regulation lights. The claimant in filing exceptions to the petition disputed these allegations and contended, amongst other matters, that one of the issues to be determined upon a trial was the lack of navigation lights upon the barge.

She then moved to dismiss the petition on the ground that although petitioner sought exoneration from, or in the alternative limitation of, liability, it had failed as owner of the barge to offer an ad interim stipulation for its interest in the barge and her pending freight and had failed to surrender or offer to surrender the vessels as required by the statute. Judge Ryan sustained the exception to the extent of providing that in the event the petitioner filed a bond for the value of the barge the restraining order would remain in force; and failing which the restraint would be modified so as to continue in effect only with respect to suits against the tug Eastern Cities.

The petitioner then filed a second bond in the sum of $165,000 representing the value of its interest in the barge, which led to the filing of the present motion.

█ The basis of claimant's contention that both bonds must be totalled is that when two or more vessels of the same owner contribute to a disaster the owner may not limit liability without surrendering his interest in all vessels.[2] While this is so, and the bond to cover the barge was ordered by Judge Ryan to meet this contingency, vessels in single ownership engaged in a common enterprise, absent a claim based on a contractual relationship,[3] may not be treated as a unit until it is determined whether each is personally at fault, in rem. Up to that time each must be deemed an independent entity, and upon being charged with fault is subject to surrender as such, and in any limitation proceeding a separate stipulation is required "as a substitute for the vessel itself."[4] Liability is governed by the individual wrongdoing of each vessel involved and a petitioner may only be called upon to surrender such vessels as are found at fault.[5]

█ Thus in the instant case, while it is true liability is charged against the

2. United States v. The Australia Star, 2 Cir., 172 F.2d 472, 478.

3. Sacramento Nav. Co. v. Salz, 273 U.S. 326, 47 S.Ct. 368, 71 L.Ed. 663; Standard Dredging Co. v. Kristiansen, 2 Cir., 67 F.2d 548.

4. Hartford Accident & Indemnity Co. of Hartford v. Southern Pacific Co., 273 U.S. 207, 220, 47 S.Ct. 357, 360, 71 L. Ed. 612.

5. Liverpool, Brazil & River Plate Steam Nav. Co. v. Brooklyn, etc., Terminal, 251 U.S. 48, 40 S.Ct. 66, 64 L.Ed. 130; The Transfer No. 21, 2 Cir., 248 F. 459.

barge, which was without motive power, as well as the tug, it may eventuate that only the tug will be found liable, in which event the bond posted for the barge could not be availed of. In such circumstance the claimants would have recourse only to the bond of $118,542.21 posted for the tug, a sum far below the total of the pending claims of $259,525, indicating the need for a concourse of claims to enforce an equitable pro rata distribution of the fund.[6] Parenthetically it is noted that the ad interim stipulation, while based on affidavits of petitioner's own appraisers, does not necessarily determine the value of petitioner's interest in the tug which may eventually be found to be more or less than the amount of the stipulation.

Particularly appropriate is the holding in Harbor Towing Corp. v. Atlantic Mutual Insurance Co., 4 Cir., 189 F.2d 409, where the court said: "It is true that the tug and tow were operating as a unit at the time of the collision in the instant case and that such a flotilla may be considered a single vessel for many purposes, including limitation of liability * * * but as to third persons the liability of tug and tow depend upon their individual wrongdoing, and in case of collision with a third ship, the value of the guilty vessel alone is the limit of the owner's liability."

Indeed, it is significant that Judge Ryan's order provided that if a bond were not posted for the barge it would not effect the restraining order previously issued with respect to claims against the tug but would permit claimants to proceed with their suits against the barge.

Just as the owner's allegation that the barge was free from fault did not dispense with requiring it to post a bond or to surrender the barge to obtain the benefit of the Limitation Act, so the mere allegation by the claimant that the barge is at fault does not establish the fact so as to require at this time that it and the tug be considered a single vessel. Whether it was an offending vessel can only be determined after a trial of the contested issue.

The cases relied upon by libellant to treat the vessels at this time as a single unit so as to permit considering the bonds as one are inapposite.[7] In all instances they were so regarded only after a determination which fixed liability with respect to each vessel or else involved contractual relationships.

The motion is denied but without prejudice to a further application by the claimant in the event appropriate stipulations are filed bringing the claims as against each vessel within the amount of its bond.

Settle order on notice.

---

6. Curtis Bay Towing Co. v. Tug Kevin Moran, 2 Cir., 159 F.2d 273; Rice Growers Ass'n of California v. Rederiaktiebolaget Frode, 9 Cir., 171 F.2d 662; Petition of Tracy, D.C.E.D.N.Y., 86 F.Supp. 306.

7. United States v. The Australia Star, 2 Cir., 172 F.2d 472; Sabine Towing Co. v. Brennan, 5 Cir., 72 F.2d 490; The Bowling Green, D.C.E.D.N.Y., 11 F. Supp. 109; The Bordentown, D.C.S.D. N.Y., 40 F. 682.