**GEORGE J. WALDIE TOWING CO., Inc.,**
Petitioner-Respondent,

v.

**Hugo F. RICCA, Executor of the Estate of Joseph S. Martin, Deceased,**
Claimant-Appellant.

No. 126, Docket 23760.

United States Court of Appeals
Second Circuit.

Argued Nov. 10, 1955.

Decided Dec. 9, 1955.

Louis R. Harolds, New York City (William L. Standard, New York City, on the brief), for claimant-appellant.

John Nielsen, New York City (John P. Smith, New York City, on the brief), for petitioner-respondent.

Before CLARK, Chief Judge, and LUMBARD and WATERMAN, Circuit Judges.

CLARK, Chief Judge.

The narrow limits of this controversy, where the principles of law seem to be thoroughly settled, suggest question as to why it has taken several years and ultimately appellate review to adjust these procedural matters preliminary to approaching the real issues separating the parties. Co-operation between counsel in settlement of such preliminaries would seem desirable both for the benefit of the parties and for the relief of congested trial and appellate dockets.

Here petitioner, George J. Waldie Towing Co. Inc., has sought limitation of liability as owner of the Deck Scow "Hannah Jeanette," particularly to secure protection from the claim of Joseph S. Martin, a seaman, for injuries sustained on the vessel on June 3, 1951. The petition, filed below on May 4, 1953, asserted a value of the scow at the time of the accident of $12,500; and the petitioner, having given a surety company bond to cover that amount, secured an order restraining the prosecution of Martin's suit for $150,000 damages pending in the Supreme Court of the State of New York against petitioner and another. Martin then moved to vacate this order, asserting that his was the only claim against the vessel and offering to stipulate that all questions concerning limitation of liability should be reserved for the admiralty court if he might be allowed to continue his state jury action. Petitioner opposed and the district court denied the motion, with this appeal resulting. The appeal has been pending for some two years and a half, during which time Martin has died and his executor has been substituted as claimant.

The cases are clear that in proceedings for limitation of liability a single claimant will not be barred from pressing his claim before another tribunal if he concedes of record to reserve all questions of limitation of liability for the admiralty court. Petition of Red Star Barge Line, 2 Cir., 160 F.2d 436, certiorari denied 331 U.S. 850, 67 S.Ct. 1741, 91 L.Ed. 1859; Petition of Moran Transp. Corp., 2 Cir., 185 F.2d 386, certiorari denied 340 U.S. 953, 71 S.Ct. 573, 95 L.Ed. 687; Petition of Spearin, Preston & Burrows, Inc., 2 Cir., 190 F.2d 684. This rule is similar to the one which allows suits elsewhere when there is a clear excess of value over the claim. Petition of Texas Co., 2 Cir., 213 F.2d 479, certiorari denied Texas Co. v. United States, 348 U.S. 829, 75 S.Ct. 52, Id. 2 Cir., 220 F.2d 744; Curtis Bay Towing Co. v. Tug Kevin Moran, 2 Cir., 159 F.2d 273. The form which the concession may take is noted particularly in the Red Star and Texas cases. Petitioner here does not really contest this principle, but raises formal questions as to the nature and completeness of the concession made by claimant below. And it suggests at most only a modification of the order under appeal to permit the claimant to reapply for the lifting of the restraining order on filing of some detailed "stipulation."

The claimant's concession below was accompanied by an explicit offer to enter into any stipulation required by the cited precedents. This seems most complete, and there is no indication that his motion was rejected for any formal inadequacy of the papers. It is clear that no "stipulation" involving agreement or consent of the petitioner is required, nor are other conditions to be imposed under the authorities cited. It is indeed difficult to see why a definite concession of record by a duly authorized attorney was not so thoroughly binding upon the claimant as to be itself adequate. But since the claimant has died and has been succeeded by an executor, it may be formally desirable for the executor to sign and file such a

concession in the district court as a preliminary to the lifting of the restraining order. We reverse and remand for that purpose. The order is appealable as involving injunctive relief. Petition of Texas Co., supra; Curtis Bay Towing Co. v. Tug Kevin Moran, supra; W. E. Hedger Transp. Corp. v. Gallotta, 2 Cir., 145 F.2d 870.

Reversed and remanded.