Petition of **LAKE TANKERS CORPORATION** for exoneration from or limitation of liability.

United States District Court
S. D. New York.
Dec. 29, 1955.

**312**

Rosen & Rosen, Poughkeepsie, for claimant Lillian M. Henn, Paul Rosen and Frank C. Mason, New York City, of counsel.

Burlingham, Hupper & Kennedy, New York City, for petitioner. Eugene Underwood and H. Barton Williams, New York City, of counsel.

WEINFELD, District Judge.

The claimant again moves to lift a restraining order entered in the limitation proceeding so as to permit her as administratrix of the estate of her late husband to proceed with her suit against petitioner in the New York State Supreme Court to recover damages for decedent's wrongful death. She there charges petitioner with negligent operation of its tug and barge as a result of which it collided with a yacht on which her husband was a passenger. The yacht sank and the decedent was drowned. The complaint alleges that petitioner's negligent conduct as owner of both the barge and the tug contributed to the death of her husband. The essential facts are set forth in the Court's prior ruling which denied an earlier motion for the same relief, but without prejudice to a renewal in the event appropriate stipulations were filed to bring the total claims as against each vessel within the amount of its bond.[1] Such stipulations have now been filed by all claimants.

In addition to the moving claimant there are ten others and the eleven claims constitute all possible claims which could be filed in this proceeding as a result of the disaster and the time to file has expired. The bond filed on behalf of the tug Eastern Cities is in the sum of $118,542.21, while the claims asserted against her under the stipulations filed by the claimants are limited to $109,525; the bond filed on behalf of the barge LTC No. 38 is in the sum of $165,-000, while the claims asserted against her under the stipulations filed by claimants are limited to $159,525. The claimants have further agreed that their claims will never be increased, that they will not enter judgment in any court in excess of the stipulated amounts, and that any claim of res judicata relative to the issue of limited liability, based upon a judgment in any other court, is waived.[2] Nonetheless the petitioner contends that the motion to vacate the restraining order must again be denied because the amount of the administratrix' claim has not been reduced—"it has only been allocated as between tug and barge" and the aggregate of the claims remain as before. I cannot agree. The claimant has in fact reduced her claim as against each vessel. She will be entitled to the aggregate of her separate and reduced claims only if she succeeds in fastening liability by reason of the negligent operation of both the tug and

---

1. D.C., 132 F.Supp. 504.

2. Cf. Petition of Texas Co., 2 Cir., 213 F.2d 479, certiorari denied Texas Co.

v. United States, 348 U.S. 829, 75 S. Ct. 52; George J. Waldie Towing Co., Inc., v. Ricca, 2 Cir., 227 F.2d 900.

the barge. As I stated in my earlier opinion: "* * * [W]hile it is true liability is charged against the barge * * * as well as the tug, it may eventuate that only the tug will be found liable, in which event the bond posted for the barge could not be availed of."[3]

There are now two separate funds, one for the tug and one for the barge. Each limitation fund is clearly in excess of the total sum of the claims asserted as against each vessel. A special verdict may be applied for[4] which would spell out the precise liability that may be imposed with respect to each vessel. It is not to be presumed that the state court will deny an appropriate application for a special verdict.[5] Thus in the event, under a special verdict, there is a finding of negligence in the operation of the tug and not of the barge, the moving claimant's recovery, under her stipulation, could not exceed the amount of her reduced claim. Accordingly the total of her judgment and the remaining claims would be limited to the bond posted for the tug which would preclude resort to the bond posted for the barge. And alternatively if liability were established solely because of the negligent operation of the barge, no recourse could be had as against the bond posted for the tug. Of course if liability should be found with respect to both the tug and the barge, a different situation would prevail.[6] Since the petitioner as ship owner is fully protected in the limitation of liability as to each vessel, there is no sound reason why claimant should not be permitted to proceed with her action in the state court—the forum of her choice.[7]

Finally, the Court retains jurisdiction of the limitation proceeding in the event the petitioner's right to limit liability of each vessel should be questioned.

The motion is granted. Settle order on notice.

---

**3.** 132 F.Supp. 504, 506–507.

**4.** New York Civil Practice Act, §§ 458, 459.

**5.** Ex parte Green, 286 U.S. 437, 440, 52 S.Ct. 602, 76 L.Ed. 1212.

**6.** Standard Dredging Co. v. Kristiansen, 2 Cir., 67 F.2d 548.

**7.** Cf. Curtis Bay Towing Co. v. Tug Kevin Moran, Inc., 2 Cir., 159 F.2d 273, 276.