373 F.2d 860
 Petition of WORLD TRADEWAYS SHIPPING, LTD.,
Petitioner-Appellant, as owner of the STEAMSHIP TRADEWAYS II
in a cause of exoneration from or limitation of liability
for damages arising out of the sinking of the Tradeways II
on or about October 24, 1965; NIMPEX INTERNATIONAL, INC. and
Midland Overseas Shipping Corp., Claimants-Appellees.
No. 333, Docket 30972.
 United States Court of Appeals Second Circuit.
 Argued Feb. 21, 1967.
Decided March 15, 1967.
 
 William A. Wilson, New York City, for petitioner-appellant.
 Charles S. Haight, Jr., New York City (Haight, Gardner, Poor & Havens, J. Ward O'Neill, John H. Cleveland, III, New York City, on the brief), for Midland Overseas Shipping Corp.
 Michael F. Whalen, New York City (Bigham, Englar, Jones & Houston, New York City, on the brief), for Nimpex International, Inc.
 Before FRIENDLY, ANDERSON and FEINBERG, Circuit Judges.
 FEINBERG, Circuit Judge:
 
 
 1
 In October 1965, the Tradeways II, owned by appellant World Tradeways Shipping, Ltd., senk in strong winds and heavy seas, resulting in the death of eleven of her crew and the loss of her cargo. At the time, the vessel was under time charter to appellee Midland Overseas Shipping Corp., and laden with cargo belonging to appellee Nimpex International, Inc. On April 22, 1966, appellant petitioned in the United States District Court for the Southern District of New York for limitation of liability pursuant to the Limitation of Liability Act, 46 U.S.C. 183-189.[1] On the same day, Judge Bonsal entered an order directing issuance of a monition, enjoining commencement of prosecution of any other suits against appellant arising out of the sinking, and directing the filing of claims on or before June 7, 1966. Thereafter, appellee Nimpex was the sole timely claimant. However, on September 26, 1966, appellee Midland moved for an order pursuant to Supplemental Rule F(4) of the Federal Rules of Civil Procedure enlarging its time to file a claim and answer.[2] From Judge MacMahon's order granting the motion appellant attempts to appeal, claiming that there was no 'cause shown' for the extension of Midland's time to file a claim.
 
 
 2
 Appellant finds jurisdiction for this appeal in 28 U.S.C. 1292(a)(1), alleging that Judge Bonsal's order of April 22, 1966, was an injunction, and Judge MacMahon's order modified it. As support, appellant cites Curtis Bay Towing Co. v. Tug Kevin Moran, Inc., 159 F.2d 273 (2d Cir. 1947), and W. E. Hedger Transp. Corp. v. Gallotta, 145 F.2d 870 (2d Cir. 1944). Appellant contends that the provision of the April 22 order setting a deadline for the filing of claims was as much an element of injunction as the portions of the orders involved in Curtis Bay and Hedger. Both Midland and Nimpex argue that enlarging time to file a claim affects no injunctive provision and hence that this court is without jurisdiction. They point out that appellant first asked Judge MacMahon to certify the appeal as one from an interlocutory order 'not otherwise appealable' under section 1292,[3] but now asserts that the order is appealable as of right. They maintain that appellant's first characterization of Judge MacMahon's order is correct, it does not modify an injunction, and is not appealable as such.
 
 
 3
 In Hedger, a longshoreman sued a barge owner in a state court. The barge owner petitioned for limitation of liability, and the federal district court enjoined all other suits. The longshoreman filed a consent to the limitation of liability and the federal court thereupon vacated the stay of the longshoreman's state court action. Thereafter, the longshoreman joined a charterer of the barge as a defendant in his state action; the charterer answered and filed a cross-claim against the barge owner. The owner then moved in the federal court to reinstate the stay of the state court action on the ground that the charterer's cross-claim was a second claim against it. The federal court denied the motion with respect to the longshoreman's suit, but declared that the charterer could assert its cross-claim for indemnity only in the federal limitation proceeding. This court allowed both the barge owner and the charterer to appeal. It is clear that the subject of the appeals was the district court's order permitting the prosecution of one claim (by the longshoreman) in a state forum and its refusal to allow prosecution there of another claim (charterer against barge owner). Similarly, in the Curtis Bay case, a claimant in a limitation proceeding in the Southern District of New York moved to vacate that court's order barring other suits so that it might prosecute a claim in a Pennsylvania federal district court. This court held denial of that motion appealable.
 
 
 4
 Both of the cases relied upon by appellant involved appeals from a grant or stay of suit in another forum.[4] There is no cogent reason for holding that because part of a court order is injunctive, so also must be another and clearly distinguishable part of the same order. We see no relevant similarity between an order restraining litigants from prosecuting suits in other forums and one fixing or enlarging the time to file a claim in the same court. While the former is truly injunctive, the latter is essentially an order granting leave to intervene.[5] Years ago this court noted the consequences of denominating this type of order injunctive in United States ex rel. Rodriguez v. Weekly Publications, Inc., 144 F.2d 186, 188 (2d Cir. 1944):
 
 
 5
 If it were, every order allowing an additional party to intervene over objection may be treated as a refusal to grant an injunction. Such a doctrine would extend rights to appeal beyond all reasonable limits.
 
 
 6
 Again, in Sorensen v. United States, 160 F.2d 938 (2d Cir. 1947) (per curiam), we dismissed an appeal for lack of jurisdiction, holding:
 
 
 7
 Neither principle nor authority supports the appellant's contention that she may appeal from an order which merely allows another claimant to intervene.
 
 
 8
 It has long been the settled policy of federal law to discourage piecemeal appeals, and we must interpret 28 U.S.C. 1292(a)(1) in the light of that policy. Switzerland Cheese Ass'n, Inc. v. E. Horne's Market, Inc., 385 U.S. 23, 87 S.Ct. 23, 17 L.Ed. 23 (1966). Accordingly, we hold that an order extending the time for the filing of claims in a limitation proceeding is not appealable.
 
 
 9
 Appellees have requested imposition of damages and double costs under28 U.S.C. 1912. Although appellant is wrong on the issue of appealability, since we feel that its appeal was taken in good faith and not for the purpose of delay, we will allow appellees to recover only ordinary costs. Appeal dismissed with costs.
 
 
 
 [1]
 The death claims and those of the surviving crew members were settled before the limitation proceeding began
 
 
 [2]
 Midland's claim is for indemnity over against appellant should Midland be held liable to Nimpex for the cargo's loss
 
 
 [3]
 The judge denied this request as 'frivolous,' apparently in the belief that there was not that 'substantial ground for difference of opinion' required for certification under 28 U.S.C. 1292(b)
 
 
 [4]
 Equally distinguishable are Blackler v. F. Jacobus Transp. Co., 243 F.2d 733 (2d Cir. 1957) (per curiam); George J. Waldie Towing Co. v. Ricca, 227 F.2d 900 (2d Cir. 1955); A. C. Dodge, Inc. v. J. M. Carras, Inc., 218 F.2d 911 (2d Cir. 1955)
 
 
 [5]
 An order denying intervention is, of course, another matter. See Levin v. Ruby Trading Corp., 333 F.2d 592, 594 (2d Cir. 1964)