In the Matter of the Complaint of AMERICAN COMMERCIAL LINES, INC., as Owner of the MOTOR VESSEL JAMES L. HAMILTON, and Commercial Transport Corporation, as Owner of the MOTOR VESSEL La SALLE, and Inland Tugs Co. as Demise Charterer and Bailee in Possession of the MOTOR VESSEL JAMES L. HAMILTON and MOTOR VESSEL La SALLE for Exoneration from or Limitation of Liability.

No. 1628.

United States District Court,
E. D. Kentucky,
Covington Division.

Jan. 3, 1973.

Robert E. Wohlwender, Covington, Ky., Bloom & Greene Co., L.P.A., Cincinnati, Ohio, Ray, Robinson, Keenen & Hanninen, Cleveland, Ohio, for plaintiffs.

MEMORANDUM

SWINFORD, District Judge.

The record of this limitation of liability proceeding is before the court on the motion of defendant counter-claimant Roy Partin, administrator of the estates of certain of the decedents, to "enlarge the subject matter of the limitation vessels". For the purposes of deciding this motion the facts need not be summarized in detail. Suffice it to say that the tow (fifteen barges) of two towboats owned by the plaintiffs and being pushed up the Ohio River collided with a pleasure cruiser in which the defendants or their decedents were passengers. The plaintiffs, American Commercial Lines, Inc., et al., are seeking to have the court either limit or exonerate its liability.

Section 183 of Title 46 U.S.C. states that an owner's liability shall not exceed the value of the interest it has in the vessel or vessels involved in the collision. Section 185 of Title 46 U.S.C. provides that in a limitation action the owner shall deposit with the court a sum equal to the value of its interest in the vessel or vessels involved in the accident. The plaintiffs in accordance with these sections have deposited with the court bonds in the total amount of $1,430,838.21 representing the value of the two towboats. This amount does not include the value of the fifteen barges. The defendant contends that the value of the entire flotilla, the two towboats plus the fifteen barges, must be considered to be the limit of the owners' liability, therefore the owners must deposit a sum equal to the total value thereof.

The issue of whether the value of the whole flotilla must be included in the limitation fund is as Justice Sutherland suggested in Sacramento Nav. Co. v. Salz, 273 U.S. 326, 47 S.Ct. 368, 71 L.Ed. 663 (1927), a "nice one". The court is, however, satisfied that the resolution of the

motion is controlled by the law of Liverpool Brazil & River Plate Steam Navigation Co. v. Brooklyn Eastern District Terminal, 251 U.S. 48, 40 S.Ct. 66, 64 L.Ed. 130 (1919), which narrows the inquiry of a court in a tort libel to the single question of identifying the offending vessel or vessels. The defendants have alleged that the collision was caused by the negligent operation of the two towboats; the La Salle and the James L. Hamilton. The court must decide whether the allegation that the towboats were the offending vessels requires the owner of the towboats to include in the limitation fund the value of the barges which were in tow at the time of the accident.

In Liverpool, the steam tug Intrepid was proceeding up the East River with a carfloat lashed to its port side and a disabled tug lashed to its starboard side. The carfloat lashed to the Intrepid collided with the steamship Vauban while it was moored at a pier in Brooklyn. The opinion of the Court delivered by Justice Holmes concluded that the owner's liability was limited to the value of the Intrepid excluding the value of the carfloat and the disabled tug. Justice Holmes wrote that "for the purposes of liability the passive instrument of the harm does not become one with the actively responsible vessel by being attached to it." It is important to note that in the Liverpool case, as in this case, the libel was for a pure tort. The progeny of Liverpool indicate that where the case is one of tort, the owner is required to surrender only the offending vessel or its value. In deciding what constitutes the offending vessel the fact that another vessel is connected to the vessel causing the harm does not convert both vessels into a single unit for determining tort liability. The owner's liability is limited to the ship against which a maritime lien would attach in an in rem action, that is, the vessel actually responsible for the harm. In tort cases the vessels attached to the offending vessel are not to be considered an integral part of it.

The defendant argues that the "flotilla rule" which had its genesis in Sacramento v. Salz, supra, applies, however it is apparent that the flotilla rule is solely applicable to contract situations. In Sacramento the Supreme Court held that the owner's liability included both the value of its steamer and barge. There the petitioner and the respondent were bound by contract and the Court found that both the steamer and the barge were needed for the execution of the contract, consequently the petitioner's liability should have included the value of both. Justice Sutherland distinguished the Liverpool case by saying that "There the libel was for an injury to a ship in no way related to the flotilla. It was a pure tort . . . no contractual obligations were involved; and the simple inquiry was, What constituted the 'offending vessel'? Here we must ask, What constituted the vessel by which the contract of transportation was to be effected? a very different question." It is only where there is a contractual relationship between the petitioner and the respondent that the owner is required to surrender all of the vessels devoted to the performance of the contract. It may be clear that many of the vessels required to be surrendered were not the active cause of the harm, but the courts have been of the opinion that in a consensual relationship a party to a contract should not be permitted to limit his liability to less than the value of all of the vessels he needed to complete his promise. Each of the vessels of a flotilla becomes a part of the contract, whereas in a tort situation the court is exclusively concerned with the specific vessels of the flotilla that actually caused the harm. For representative cases distinguishing Liverpool and Sacramento see: Standard Dredging Company v. Kristiansen, 67 F.2d 548 (2 Cir. 1933); The George W. Pratt, 76 F.2d 902 (2 Cir. 1935); Brown & Root Marine Operators, Inc. v. Zapata Off-Shore Co., 377 F.2d 724 (5 Cir. 1967); In Re Midland Enterprises, Inc., 296 F.Supp. 1356 (6 Cir. 1968); Petition of United States Dredging Corporation, 213 F.Supp. 780 (D.C. 1963); and Petition of Western Transportation Company, 194 F.Supp. 834 (D.C.1961).

■■ The court is satisfied that the. plaintiffs are only required to include in the limitation fund the value of the offending vessel or vessels. It is clearly the law that where the libel sounds in tort the flotilla rule does not apply. Inasmuch as Partin and the other defendants have not alleged that the barges were at fault they must be treated as separate and passive vessels. It is therefore the judgment of the court that Partin's motion to enlarge must be denied. The defendants' allegation that the towboats were the cause of the harm does not automatically encompass the barges thereby making their value a part of the required limitation fund. Only the offending vessel or that which is alleged to be the offending vessel is required to be surrendered, and it cannot be overemphasized that under Liverpool barges are not to be considered a unitary part of their towboat.* None of this is to say that a barge could not be alleged to be the offending vessel. The navigation of barges is strictly regulated by Title 33 of U.S.C. and if a barge is not in compliance with those regulations then it is quite possible that it could be the cause of the harm, i. e. the offending vessel. But a barge in a tort libel is separate from its tug, and if it is alleged to be the offending vessel then it would require a limitation fund independent of the value of its tug or towboat. In Petition of Lake Tankers Corporation, 132 F.Supp. 504 (D.C.1955), the libellant alleged not only that the tug was the cause of the harm, but also alleged that its barge was, because of lighting violations, an offending vessel. There

the court indicated that a limitation fund was required for each vessel.

In conclusion, the court is convinced that under the authority discussed herein the motion of defendant Partin must be overruled. An order to that effect will this day be entered.

---

* In a situation where the barge or barges are not an integral part of the tug, but are attached to it more or less as a matter of fortuity the Liverpool rule is understandable. But in a case such as this it is at least doubtful whether the Liverpool doctrine is responsive to the realities of the situation. Where the barges are as much an integral part (albeit detachable part) of the owner's towboat as are the holds of an ocean-going freighter it seems unjust to permit the owner to exclude the value of the barges from his statutory limit of liability. The law however is well settled and this court can only re-

iterate the language of the Court in Deep Sea Tanker v. The Long Branch, 258 F.2d 757 (2 Cir. 1958), where it said: "If the question were an open one we would be disposed to include the whole flotilla if we could, especially in the case of the carfloats, but we must take the law as we find it, and the question is no longer open." "We are not at liberty to disregard this binding precedent (Liverpool) simply because a contrary view may seem to reach a conclusion more in keeping with the realities of this particular case."