Stephen F. **BLACKLER**, doing business as Bay Towing Company, owner of THE Tug D. T. L. NO. 1, Petitioner-Appellee,

v.

F. JACOBUS TRANSPORTATION CO., Inc., and Frank S. Jacobus, Damage Claimants-Appellants.

No. 291, Docket 24478.

United States Court of Appeals Second Circuit.

Argued April 4, 1957.

Decided April 29, 1957.

Christopher E. Heckman, of Foley & Martin, New York City, for damage claimants-appellants.

Henry C. Eidenbach, of Hagen & Eidenbach, New York City (Richard A. Hagen, New York City, on the brief), for petitioner-appellee.

Before CLARK, Chief Judge, LUMBARD, Circuit Judge, and LEIBELL, District Judge.

PER CURIAM.

We are already committed to the view that an appeal lies from refusal to dissolve an injunction entered in limitation proceedings enjoining the institution of suits and the prosecution of claims elsewhere than in these proceedings. W. E. Hedger Transp. Corp. v. Gallotta, 2 Cir., 145 F.2d 870; The Salvore, 2 Cir., 36 F.2d 712, certiorari denied United States Steel Products Co. v. Navigazione, etc., 287 U.S. 653, 53 S.Ct. 117, 77 L.Ed. 565. Appellants, two damage claimants, seek reversal of the district court's refusal to dismiss the tug owner's petition because it does not in terms allege his lack of privity and knowledge as to the accident. But the rather extensive petition does set forth the "facts and circumstances," as directed in Admiralty Rule 51—which is the carefully drawn rule proposed by the Judicial Conference of the United States, as shown by its Reports of Oct. 1–4, 1946, 23, 24, and Sept. 25–27, 1947, 21–25, following proposals of the Maritime Law Association of the United States, and which contains no requirement for the pleading of the legal conclusions desired of the court. There is nothing in the background of the rule—and no reason is disclosed—why admiralty practice should be more hypertechnical than ordinary procedure under the civil rules.

See, e.g., Gins v. Mauser Plumbing Supply Co., 2 Cir., 148 F.2d 974, 976.

The allegation in the petition that the petitioner was himself handling the hawser aboard the tug at the time of the accident is not incompatible with limitation of liability. "Privity and knowledge" is a term of art meaning complicity in the fault that caused the accident, and if the petitioner is free from fault his actual knowledge of the facts of the accident does not prevent limitation. The 84-H, 2 Cir., 296 F. 427, certiorari denied 264 U.S. 596, 44 S.Ct. 454, 68 L.Ed. 867; 3 Benedict on Admiralty § 489 (6th Ed.1940). Of course petitioner must establish such facts at trial.

Affirmed.