303 F.2d 293
 Gust DAHLEN, individually; and Gust Dahlen, Carl G. Dahlen,
Eleanor D. Barker, Birgit D. Hopkes and Joanne D.
McBryde, partners doing business as
Accessory Die and Tool
Company, Appellants,
v.
KRAMER MACHINE AND ENGINEERING PRODUCTS COMPANY, a
corporation; and Jean B. Kramer and John B.
Taylor, Administrators of the Estate of
James H. Kramer, deceased, Appellees.
 No. 6624.
 United States Court of Appeals Tenth Circuit.
 June 27, 1961.
 
 Robert L. Coopes, Detroit, Mich. (Raymond A. Ballard, Detroit, Mich., and Blake, Fabian & Fabian, Kansas City, Kan., were with him on the brief), for appellants.
 F. C. Bannon, Leavenworth, Kan., and Leonard O. Thomas, Kansas City, Kan. (Lee E. Weeks and Ervin G. Johnston, Kansas City, Kan., were with them on the brief), for appellees.
 Before PHILLIPS, PICKETT and LEWIS, Circuit Judges.
 PHILLIPS, Circuit Judge.
 
 
 1
 Kramer Machine and Engineering Products Company,[1] a corporation, brought this action in the nature of interpleader under 28 U.S.C.A. 1335 against Jean B. Kramer and John B. Taylor, administrators of the estate of James H. Kramer, deceased, Gust Dahlen and Jarl A. Andeer. On the day the original complaint was filed, February 23, 1960, the trial court entered an ex parte order enjoining the defendant administrators and the defendants Gust Dahlen and Jarl A. Andeer from 'instituting or prosecuting any action' against Kramer Products Company 'for the benefits arising by virtue of certificates of stock issued by' Kramer Products Company, and 'from causing because of their claimed interest in said certificates, * * * any action to be instituted or prosecuted wherein the rights to own or control said certificates of stock * * * may or could be an issue until the further order of this Court.' The defendants Gust Dahlen and Jarl A. Andeer filed a motion to dismiss the action. Thereafter, on April 27, 1960, Kramer Products Company filed an amended complaint of interpleader naming as defendants in addition to those named in the original complaint, Gust Dahlen, Carl G. Dahlen, Eleanor D. Barker, Birgit D. Hopkes and Joanne D. McBryde, partners doing business as Accessory Die and Tool Company. On April 29, 1960, the District Court entered an ex parte order enjoining the defendants 'from instituting or prosecuting any action' against Kramer Products Company 'for the benefits arising by virtue of certificates of stock issued by' Kramer Products Company and 'from causing because of their claimed interest in said certificates * * * any action to be instituted or prosecuted wherein the rights to own or control said certificates of stock * * * may or could be an issue, until the further order of this Court.' Thereafter, Gust Dahlen, Jarl A. Andeer and the defendant members of the partnership filed a motion to dismiss the amended complaint.
 
 
 2
 The defendants at no time in the proceedings below filed any motion to dissolve either of the interlocutory injunctions. Neither did they otherwise take any action challenging such injunctions. It seems plain to us that the interlocutory injunction of February 23, 1960, was superseded by the interlocutory injunction of April 29, 1960. Hence, anything we may hereinafter say with respect to 'an' injunctive order will refer to the order of April 29, 1960, unless the context indicates otherwise.
 
 
 3
 The trial court filed a memorandum decision in which it held that the motion to dismiss the amended complaint should be sustained as to the defendant Andeer and that it should be overruled as to all of the other moving defendants and directed that counsel prepare and submit an appropriate order. The moving defendants submitted a proposed order sustaining the motion to dismiss as to Andeer and denying it as to the remaining moving defendants and containing the following language: 'It is further certified by this court that this order involves controlling questions of law as to which there are substantial grounds for difference of opinion and an immediate appeal from this order may materially advence the ultimate termination of this litigation.' The trial court did not sign such proposed order, but entered a simple order sustaining the motion to dismiss as to Andeer and denying it as to the other moving defendants. The latter order was filed September 8, 1960. Thereafter, on September 16, 1960, the moving defendants, other than Andeer, filed a notice of appeal 'from the order denying the motions to dismiss heretofore filed in said cause by said defendants, which was entered in this action on September 8, 1960.' The notice of appeal did not directly or indireclty refer to the interlocutory injunction order.
 
 
 4
 The jurisdiction of this court to entertain the appeal is challenged on the ground that the order sought to be appealed from is an interlocutory and not a final order.
 
 
 5
 Neither of the prerequisites for an appeal from an interlocutory order under 28 U.S.C.A. 1292(b) were present.
 
 
 6
 Counsel for appellants contend that a motion to dissolve the interlocutory injunction would have been appealable under 28 U.S.C.A. 1292(a)(1) and that the order appealed from should be treated as an order refusing to dissolve such injunction. But neither in the motion to dismiss the amended complaint nor by any other motion, oral or in writing, did the appellants move to dissolve such interlocutory injunction. What, in effect, they now seek to do is to challenge the order granting such injunction by an appeal from an order overruling a motion to dismiss the amended complaint entered long after the expiration of 30 days from the entry of the order granting such interlocutory injunction. In support of their position, counsel for appellants rely on Blackler v. F. Jacobus Transportation Co., 2 Cir., 243 F.2d 733, 734. But there, according to the statement of the case at the head of the syllabi in the Federal Reporter, the appeal was 'from an order * * * denying claimants' motion to dismiss the petition and dissolve an injunction against institution of suits on claims against petitioner.' They also cite in support of their contention Petition of Oskar Tiedemann & Company, 3 Cir., 253 F.2d 233. Whether in the latter case there was any motion to dissolve an interlocutory injunction does not appear, but the Third Circuit cites as 'squarely in point' the Blackler case. The Blackler case would not be 'squarely' in point, unless there was in the Tiedemann & Company case a motion to dissolve the interlocutory injunction.
 
 
 7
 We are of the opinion that appellants may not avoid the effect of the absence of the prerequisites to an appeal under 1292(b), supra, and the fact that the notice of appeal was filed more than 30 days after the entry of the interlocutory injunction order, by the device of having the motion to dismiss the amended complaint treated as a motion to dissolve such interlocutory injunction, when such motion did not seek dissolution of such interlocutory injunction, nor in any wise attack or challenge same, and the appellants had not requested dissolution and the court had not refused dissolution of such interlocutory injunction.
 
 
 8
 The contention that an order of the court sustaining the motion to dismiss on the ground that the court lacked jurisdiction over the subject matter would ipso facto have dissolved the interlocutory injunction is not well grounded. The interlocutory injunction was to remain in force until the further order of the court and the court, in order to preserve the status quo, might well have left it in force pending an appeal by Kramer Products Company from an order dismissing the action. Moreover, the crucial fact remains that the trial court was not asked to dissolve the interlocutory injunction and did not, by its order sustaining the motion to dismiss, refuse to dissolve such injunction.
 
 
 9
 We conclude that the order was not appealable. The appeal is, therefore, dismissed.
 
 
 
 [1]
 Hereinafter called Kramer Products Company